WESLEY KOPECKY v. JOSEPH BENISH, JR., Appellant.

**Appeal:** BRIEFS: ARGUMENT. The appellate court will only consider such questions as are properly presented in the brief and argument: and where the statement of a point amounts to no more than the assignment of an error it will be given no consideration unless argued.

1

**Verdict:** REVIEW. Where there is a decided conflict in the evidence the verdict of the jury will not be disturbed.

2

**Drainage:** WRONGFUL COLLECTION AND DISCHARGE OF WATER: MEASURE OF DAMAGES. The measure of damages for the collection of water in greater quantities and discharging it upon the land of another in a different manner, by means of a tile drain, is the difference

3

in the value of the land immediately after and immediately before
the construction of the drain.

*Appeal from Cedar Rapids Superior Court.*— HON. J. H.
ROTHROCK, Judge.

MONDAY, MAY 5, 1908.

SUIT to recover damages for the wrongful discharge of
water upon the land of the plaintiff and that of his wife.
Verdict and judgment for the plaintiff, from which the
defendant appeals.— *Affirmed.*

*V. Drahos* and *E. C. Barber,* for appellant.

*W. L. Crissman* and *A. H. Sargent,* for appellee.

SHERWIN, J.— The petition alleged that the plaintiff
and his wife were the owners of certain land, describing
it, and that the defendant owned certain land which was
also definitely described; that theretofore the plaintiff had
laid a tile drain across his land and the land of his wife
from and near the point where the natural flow of water
from his land entered the land of his wife, and that said
drain was sufficient to drain his own land and the land of
his wife except in cases of excessive rains; that the defend-
ant constructed ditches through his land which gathered the
water and cast it upon the land of the plaintiff's wife in
a greatly increased quantity and in a manner different from
its natural flow.

Ninety-seven errors are assigned, in most of which we
are referred to the abstract for the ruling or other matter
complained of. About forty points are designated as relied
upon for a reversal, and in many instances
they do no more than to refer to the page
of the abstract where the error may be found or to the as-
signment of error. The following will fairly illustrate the

1. APPEAL:
briefs:
argument.

method to which we refer: "It was prejudicial to appellant for the court to admit in evidence appellee's Exhibit B over objections of appellant, and assigned as error at No. 4." Turning back to No. 4 we find this assignment: "The court erred in overruling defendant's objection to the admissibility of Exhibit B at No. 34, page 19 of abstract, offered by plaintiff." A formal assignment of error is no longer necessary to the proper presentation of a case in this court, and it is manifest that the order pursued in the present instance, both as to errors assigned and the brief of points does not comply with the rules. As was said in *Winkler v. Hawkes,* 126 Iowa, 474, "We cannot consent to try appeals in this manner," and in considering this case we shall discuss only such questions as are properly presented in the brief of points and in the argument. It is also apparent that, when the statement of a point amounts to nothing more than an assignment of error, it is entitled to no consideration unless it be followed by argument. Indeed, we said in *Vorhes v. Buchwald,* 137 Iowa, 721, that "we do not feel called upon to notice mere complaints which counsel do not see fit to argue."

As we gather it from the appellant's brief and argument of eighty pages, his main contention is that the verdict is not sufficiently supported by the evidence. The principal fact questions in the case were whether the defendant had collected the water on his land and discharged it upon the lands of the plaintiff and his wife in a greatly increased quantity or in a materially different manner from the natural flow thereof, and, further, whether the defendant so constructed his drain as to bring himself within the protection of chapter 70, Acts 30th General Assembly. On these questions there was a sharp and irreconcilable conflict in the evidence, and the finding of the jury should not be disturbed. The same thing is true on the question whether the tile laid by the plaintiff was

2. VERDICT: review.

of sufficient capacity to carry the additional water collected by the defendant's drain.

Complaint is made of practically all of the instructions given, and it is manifest that the proper limits of an opinion preclude setting them out in full. The fifth is objected to on the ground that it was misleading and embodied more than one proposition of law. The criticism is without merit. The instruction submitted the issue whether the appellant's tile drain discharged the water therefrom into a natural depression, either wholly on appellant's land or extending from his land on to and over the land of the appellee's wife. This issue was in the case, and the jury could not in our judgment have misunderstood the instruction. In the eighth instruction the jury was told that the measure of plaintiff's damages would be the difference between the value of his land at a time immediately before the construction of the defendant's tile drain and its value immediately thereafter. That instruction and instruction nine followed almost the identical language used by this court in *Drake v. C., R. I. & P. Ry. Co.,* 63 Iowa, 302, and neither contained error. Instructions 1 and 2 are not open to the charge that they draw conclusions and assume conditions not warranted by the evidence. They were both fair, and left all fact questions to the jury. The latter clause of instruction 10 is complained of, but the appellant nowhere points out wherein it was erroneous. Instructions 3 and 4 are also complained of without any suggestion as to the specific error therein, further than to say that 3 fails to set forth the entire provisions of chapter 70, Acts 30th General Assembly.

We have considered all of the points which may be reviewed under the rules and decisions, and find in them no error for which there should be a reversal. The judgment is therefore *affirmed.*