BANK OF LATHAM, Appellant, v. MARION MILLIGAN and CYNTHIA MILLIGAN, Appellees.

**Verdict upon conflicting evidence.** Where there is a substantial conflict in the evidence as to whether a bank received certain notes for collection or purchased them, outright, a verdict against the claim of purchase will not be disturbed.

**Bills and notes:** COUNTERCLAIM: SETOFF: COSTS. In a suit on a joint note one of defendants pleaded as a separate counterclaim the proceeds of two notes left with plaintiff for collection, alleging its failure to account, and the other defendant pleaded a similar counterclaim on another note. Plaintiff claimed it had purchased the notes and pleaded the statute of limitations, except so far as the counterclaim might be available as a setoff. The jury found for defendant on the two notes in an amount equal to plaintiff's demand, and it is held that the same should be setoff in satisfaction of the debt to plaintiff as to both defendants, and that costs were properly entered against plaintiff.

*Appeal from Cerro Gordo District Court.*—HON. CLIFFORD P. SMITH, Judge.

SATURDAY, NOVEMBER 21, 1908.

ACTION at law upon a promissory note. Judgment for defendants, and plaintiff appeals.—*Affirmed.*

*F. W. Chambers* and *Redmond & Hogan,* for appellant.

*Glass & McConlogue* and *Robert M. Witmer,* for appellees.

WEAVER, J.—The defendants admit the execution of the note, but plead separate counterclaims thereto as follows: The defendant Cynthia Milligan alleges that she placed in the hands of the plaintiff bank two promissory notes for collection, which notes said bank collected but fraudulently concealed such fact from defendant, and has ever since failed and refused to account therefor. The defendant Marion Milligan pleads a similar counterclaim, alleging that he placed another promissory note in the hands of plaintiff for collection, and that the same was in fact collected but never accounted for.

The plaintiff admits receiving the notes mentioned in the counterclaim of Cynthia Milligan, but alleges that it purchased or discounted them, and that nothing is owing said defendant thereon. It also denies that it ever received any note from Marion Milligan for collection, or that it is in any manner indebted to him.

Plaintiff also pleads the statute of limitations against said several counterclaims, except as the same may be available to defendants as a set-off to the claim sued upon. It should also be said in this connection that the amount collected by plaintiff on the notes claimed by Cynthia Milligan was considerably in excess of the sum due to the plaintiff on the note now in suit.

I. As appears from the foregoing statement, the

principal question at issue relates to the nature of the transaction by which plaintiff took or obtained possession of the notes which it admits having received.

1. VERDICT UPON CONFLICTING EVIDENCE.

Both notes were payable to Cynthia Milligan, and the evidence tends very clearly to show her to have been the real owner of them. The plaintiff does not claim to have purchased either of said notes from the payee, Cynthia Milligan, but offers testimony tending to show a purchase of the same from her husband. This is unequivocally denied by both herself and her husband. Under familiar rules the issue of fact thus joined was a matter for the jury, and the objection that the verdict is without support in the evidence can not be sustained. It is argued, however, that there is no evidence that the notes were left in the bank "for collection." We think the testimony is sufficient to go to the jury on that point. Plaintiff, having admitted receiving and collecting the notes, is therefore bound to account for the proceeds, unless it makes good its claim to have been a purchaser, and, as we have already seen, the evidence upon this subject is neither undisputed nor is it of such conclusive character as to permit the court to pass upon it as a matter of law.

II. Counsel seems to argue the appeal upon the theory that appellant was entitled to the benefit of the statute of limitations, and that the right to have this de-

2. BILLS AND NOTES: counterclaim: setoff: costs.

fense considered by the jury was improperly limited or restricted by the court's instructions. It is sufficient to say that the plaintiff's reply setting up the statute of limitations goes solely to the right of the defendants to recover anything upon their counterclaims in excess of the sum due on the note in suit, and concedes their availability as an offset if established by the evidence. The jury appears to have found with the defense as to the counterclaim pleaded by Cynthia Milligan, and fixes her recovery at a sum equal

to the amount due on the note in suit. They also found in plaintiff's favor as against Marion Milligan for a like amount. Upon these findings the court entered judgment against plaintiff for costs. Now, it is possible that the record thus made is a little confusing at the first glance, but it needs no great attention to see that if the plaintiff obtained the notes in controversy, not as a purchase but as a mere deposit for safe-keeping or collection —and this the jury could properly find under the evidence —the judgment entered is unquestionably right. Under such verdict it was the right of Cynthia Milligan to have her counterclaim to the amount of the note in suit applied as a set-off thereto notwithstanding the statute of limitations. This being done, the debt was satisfied not only as to her, but to her husband also. Judgment against plaintiff for costs was therefore the only proper entry. If there was any irregularity or error, as argued by appellant, in stating the law on this issue to the jury, it was clearly without prejudice.

The case is one of a kind which is unfortunately frequent, where the testimony of the contending parties is wholly irreconcilable upon any theory of the entire truthfulness of both. It is peculiarly the office of the jury to listen to the testimony and pass upon its credibility, weight and value, and, where the evidence to support the verdict is not so inherently incredible or improbable as to indicate passion or prejudice in the verdict returned, we are not authorized to disturb it. We reach this conclusion the more readily from the fact that the trial court, having observed the course of the trial, appears to have been satisfied with the substantial justice of the verdict.

There is no reversible error in the record, and the judgment appealed from is *affirmed*.