THOMAS SCHULTZ, Appellant, v. PERCY STARR, Appellee.

APPEAL AND ERROR:   Questions of Fact, Etc.—Conflicting Evidence.   A verdict on fair conflict of evidence is conclusive on appeal on the fact questions involved.

TRIAL:   Instructions—Objections and Exceptions—Waiver.   Failure to except to instructions as required by Section 3705-a, Code Supplement, 1913, precludes review of instructions on appeal.

TRIAL:   Instructions—Requests Otherwise Covered.   Error may not be based on the refusal to give instructions which are otherwise substantially covered by the court's charge.

**NEGLIGENCE:** Proximate Cause—When Negligence Per Se Is Immaterial. The doing of that which is negligence *per se* becomes immaterial when in no wise the cause of an accident. So held where the court refused to receive evidence to show that defendant's motor cycle was not equipped with horn, bell or other warning device, as required by Section 1571-m17, Code Supplement, 1913, and also refused to instruct relative thereto, because, concededly, both parties were fully aware of the presence of the other at a time long anterior to the collision.

**APPEAL AND ERROR:** Harmless Error—More Favorable Instruction Than Requested. It is harmless error to refuse a correct instruction which is less favorable to the one requesting it than one given by the court on its own motion. So held where the court refused to instruct that a presumption of negligence arose from the operation of a motor cycle at a speed greater than 25 miles per hour, but on its own motion instructed that the jury might, in view of an ordinance, find defendant negligent if he was traveling 15 miles per hour.

**WITNESSES:** Examination—Cross-Examination—Discretion of Court. Principle recognized that, on appeal, the discretion of the trial court as to the *manner* and *extent* of cross-examination will rarely be overturned.

**APPEAL AND ERROR:** Review, Scope of—Undue Cross-Examination—Absence of Adequate Record. The court, on appeal, cannot say that undue cross-examination was permitted on a certain matter when complainant concedes that said matter was touched upon to *some* extent in the direct examination, but fails to present the record relative thereto so that the court may be able to judge whether the cross-examination was undue.

**APPEAL AND ERROR:** Harmless Error—Improper Exclusion of Evidence on Damages—Verdict For Defendant. Improper exclusion of evidence bearing upon the amount of damages becomes quite harmless when the jury finds that plaintiff has no cause of action.

**EVIDENCE:** Opinion Evidence—Conclusions—Rate Of Speed. Whether an object was moving slowly or rapidly is an allowable conclusion—the best that can be had under the circumstances.

**WITNESSES:** Examination—Questions—Indefinite Questions. One may not complain of the exclusion of a question indefinite in

fact, when he failed to comply with the implied suggestion of the court that the question be made definite.

EVIDENCE: Relevancy, Materiality And Competency—Negligence—
11   Immaterial Custom, Etc. Whether an ordinary motor cycle was adaptable to the carrying of more than two passengers, and the custom relative to more than one person's riding thereon, is wholly immaterial in defense of an action for the negligent operation of such a vehicle.

*Appeal from Floyd District Court.*—C. H. KELLEY, Judge.

MONDAY, SEPTEMBER 24, 1917.

ACTION for damages resulting from the alleged negligence of defendant in operating a motor cycle. Trial to a jury. Verdict and judgment in favor of defendant. Plaintiff appeals.—*Affirmed.*

*J. H. Lloyd* and *Frank Lingenfelder,* for appellant.

*H. J. Fitzgerald,* for appellee.

STEVENS, J.—This is an action for damages claimed to have resulted to plaintiff from a collision of his bicycle with the motor cycle of defendant. The accident occurred at the intersection of Kelly and Brantingham Streets in Charles City, Iowa. The negligence charged is that the defendant was, at the time, operating his motor cycle at a high and dangerous rate of speed, and in a careless, reckless and imprudent manner, and in excess of the speed limit prescribed by the ordinances of Charles City; and that he failed to have the same equipped with proper horn or bell, and to sound a signal or give warning of his approach. Plaintiff was riding a bicycle on Brantingham Street, going south, and he claims that, while in the exercise of due care upon his part, defendant ran his motor cycle into the bicycle, throwing plaintiff upon the ground in such a manner as to fracture his arm and to inflict severe and painful injuries upon the

muscles of his hip, on account of which he suffered and will continue to suffer great pain and loss of time, and that he has incurred large expense for medical services.

The ordinances of Charles City were offered in evidence, and fix the maximum speed for motor cycles in said city at 15 miles per hour, and upon Main Street at 10 miles per hour. At the time of the accident, defendant was going east on Kelly Street, approaching the intersection of said street with Brantingham Street. Plaintiff testified that, when he first observed the motor cycle approaching, it was a block and across one street from the intersection of Kelly and Brantingham Streets; that he attempted to cross said intersection at about 10 or 12 miles an hour; that defendant's motor cycle was being operated at a rate of speed between 35 and 40 miles per hour; and that, when he reached a point about 45 feet west of plaintiff, he changed his course as he approached him, and then turned south to the curbing.

From the abstract of plaintiff's testimony, we quote the following:

"He turned right south to the curbing, and when I saw that he turned that way toward the curbing, I aimed to see if I could make the turn and get in a little pocket there that would let him go by; but he got me. I did not have time. The collision was south of the course Starr had been traveling and east of the course that I had been traveling, and was 6 or 8 feet west of the southwest corner of the intersection."

Plaintiff further claimed that the motor cycle gained speed as it approached him. This claim is borne out by the testimony of defendant. It further appears from the evidence that a man was sitting on the gasoline tank in front of defendant on his motor cycle, with his feet hanging down and reaching within a few inches of the ground.

The defendant's version of the accident, in substance,

was that he was riding a Harley-Davidson motor cycle, going east on Kelly Street, 4 or 5 feet from the south curbing at approximately 6 or 8 miles per hour; that plaintiff came down Brantingham Street at about the same speed; that he hesitated on Kelly Street about 10 feet over the crossing; that at this time defendant was back 20 or 30 feet from the crossing; that, when plaintiff hesitated, he threw in his clutch to go ahead; that when he threw in the clutch the speed of the machine gradually increased; that plaintiff swung his wheel around as if going east; that, in attempting to avoid the collision, the hind wheel of the bicycle was struck by the motor cycle, and the rim of the back wheel of the bicycle and some of the spokes were broken out, plaintiff was thrown upon the ground, and, the evidence shows, suffered a fracture of his wrist, and other painful injuries. Omitting many details, the above is a substantial statement of the respective claims of the parties.

This case has been twice tried in the court below. The first trial resulted in a verdict for plaintiff in the sum of $1, and the second in favor of the defendant. The record does not disclose the ground upon which a new trial was granted defendant after the first trial. Thirty-five alleged errors are complained of by counsel for appellant, most of which relate to the admission or exclusion of evidence. Some complaint, however, is made of the instructions given to the jury by the court upon its own motion, of the refusal to give several requested instructions, and of misconduct upon the part of counsel for defendant in the examination and cross-examination of witnesses.

The first errors complained of are that 1. APPEAL AND ERROR: questions of fact, etc.: conflicting evidence. the verdict is contrary to the law and is not sustained by the evidence. The evidence is very conflicting. Both plaintiff and defendant attempted to sustain their respective theories of the collision and consequent injuries. We cannot say, however,

that the verdict is not sustained by the evidence, and there is nothing to show that it was the result of passion or prejudice on the part of the jury. The evidence was in conflict, and it has often been held by this court that a verdict rendered on conflicting evidence is conclusive on appeal. *Mitchell v. Chicago, R. I. & Pac. R. Co.,* 138 Iowa 283; *Kopecky v. Benish,* 138 Iowa 362; *Knapp v. Brotherhood of American Yeoman,* 149 Iowa 137; *Rockwell v. Ketchum,* 149 Iowa 507; *Bank of Latham v. Milligan,* 140 Iowa 251.

2. TRIAL: instructions: objections and exceptions: waiver.

II. No exceptions were taken to the court's instructions as required by Section 3705-a of the Supplement to the Code, 1913, and they cannot be reviewed by this court. *Rule v. Carey,* 178 Iowa 184; *Hanson v. City of Anamosa,* 177 Iowa 101.

3. TRIAL: instructions: requests otherwise covered.

III. Proper exceptions were preserved to the refusal of the court to give certain requested instructions. Plaintiff requested the court to instruct the jury that the operation of a motor cycle upon the street in question at a greater rate of speed than 15 miles per hour would constitute negligence. The instruction was refused, but the court instructed the jury that, if it found that at the time of the injury the defendant was operating his motor cycle at a rate of speed in excess of that permitted by the city ordinance, same would constitute negligence. We think the instruction given by the court sufficiently covered the point, and that the refusal to give the requested instruction was not error. It will be presumed that the jury followed the evidence.

4. NEGLIGENCE: proximate cause: when negligence *per se* is immaterial.

IV. Plaintiff sought to show in evidence that the motor cycle of defendant was not properly equipped with horn, bell or other signaling device, and that no signal was given of his approach, preceding the collision. The

court sustained the objection of defendant to this testimony, and refused to give Instruction No. 2, requested by plaintiff, to the effect that it was the duty of defendant to have his motor cycle equipped with a suitable bell, horn or other device for signaling, and to use the same upon approaching an intersection or crossroad, and that the failure to have the same so equipped therewith or to use the same would constitute negligence.

Section 1571-m17 of the Supplement to the Code, 1913, requires motor vehicles to be equipped substantially as set forth in the requested instruction, but appellant testified that he saw defendant approaching on his motor cycle more than a block away, and observed the movements thereof from that time until the collision occurred. The court held, in excluding the evidence offered by appellant, that it was immaterial whether the motor vehicle was equipped as required by statute, or signal given, for the reason that the failure to have the same so equipped or to signal was in no wise the cause of the injury complained of; that is, that every purpose of a signal was met by the fact that plaintiff saw the motor vehicle at so great a distance that the giving of a signal would not have availed to prevent the injury, and the failure to give the same doubtless in no wise contributed thereto. We think that, under the facts disclosed, the exclusion of the testimony and the refusal to give the instruction, if erroneous, was without prejudice.

The reasons above given dispose of the assignment of alleged error on account of the refusal of the court to give Instruction No. 3.

V.    Appellant also requested the court to instruct the jury as follows:

5. APPEAL AND ERROR: harmless error: more favorable instruction than requested.

"If you find from the evidence in this case that the defendant, Percy Starr, was operating a motor vehicle on a public highway at the time of the injury in question, and further find

that the defendant, Percy Starr, was running at a rate of speed in excess of twenty-five (25) miles an hour, that fact would be presumptive evidence of driving at a rate of speed which is not careful or prudent in case of injury to the person or property of others."

The instruction was proper; but was the refusal to give the same prejudicial to appellant? The question of defendant's negligence was submitted to the jury by the court in a proper instruction. It was told that, if plaintiff was operating his motor vehicle at a rate of speed in excess of that permitted by the ordinance of the city, which, as above stated, was 15 miles per hour, same would be negligence. The jury found the facts in favor of the defendant, whet' upon the ground that defendant was not negligent in the operation of his motor cycle, either in the manner of operating same or the speed at which same was being operated, or because plaintiff was guilty of contributory negligence, is not shown. In any event, in view of the verdict of the jury, we do not think the refusal to give the instructions was prejudicial. The court's instructions permitted the jury to find the defendant negligent if it appeared from the evidence that he was operating his machine at a rate of speed in excess of 15 miles an hour. Had the instruction been given, plaintiff could not have been aided thereby.

6. WITNESSES: examination: cross-examination: discretion of court.

VI. There is possibly some merit in appellant's contention that counsel for defendant was somewhat harsh in the cross-examination of plaintiff. It is claimed that he repeated the answers of the witness in a sneering, sarcastic and mocking manner, greatly to plaintiff's prejudice. The language of counsel appearing in the record, however, does not bear out this claim. The manner of counsel at the time of using the language, of course, does not appear, but frequent objection was made thereto and often overruled by

the court. The extent of the subject matter and manner
of cross-examination of a witness are matters to be con-
trolled largely in the discretion of the trial court, and will
rarely be interfered with on appeal. *Baker v. Mathew,* 137
Iowa 410; *Nolan v. Glynn,* 163 Iowa 146; *McBride v. Mc-
Bride,* 142 Iowa 169; *Brackey v. Brackey,* 151 Iowa 99.

7. APPEAL AND
ERROR: re-
view, scope
of: undue
cross-examina-
tion: absence
of adequate
record.

VII. Defendant's counsel went into
considerable detail upon cross-examination
regarding a conversation between himself
and plaintiff in which the matter of a com-
promise and settlement and other matters
relating to the merits of the case were discussed. The the-
ory upon which the court permitted the cross-examination
to proceed was that counsel was inquiring about a conver-
sation gone into by plaintiff in chief, and that he was en-
titled to the whole conversation. An examination of the
abstract fails to disclose the evidence of the witness in chief
upon this point, but it appears to be conceded by counsel
for appellant that there was some testimony elicited from
plaintiff regarding the conversation of which the matters
complained of were a part. In the absence of the evidence
in chief, we are unable to say that the court committed re-
versible error in permitting the examination of the wit-
ness to proceed, as shown by the record. It is, of course,
well understood that offers of compromise or settlement are
not ordinarily admissible in evidence, but, without the
whole record before us, we cannot say that the court com-
mitted error in the ruling complained of.

8. APPEAL AND
ERROR: harm-
less error:
improper ex-
clusion of
evidence on
damages: ver-
dict for de-
fendant.

VIII. Objection was sustained to
questions propounded to the wife of appel-
lant regarding complaints made by him of
pain in his shoulder and other parts of his
body. The ruling was contrary to the hold-
ing in *Keyes v. City of Cedar Falls,* 107
Iowa 509, but, in view of the verdict of the jury, was clearly

without prejudice to appellant. The evidence admitted by the court left no doubt that appellant suffered severe and painful injuries,—indeed, such as would have justified the jury in returning a verdict in a substantial amount, had it found in his favor. The evidence excluded went only to the amount of damages.

IX. Objection to the form of the ques-

9. EVIDENCE: opinion evidence: conclusions: rate of speed.

tion and that same was incompetent and improper was sustained to the following interrogatory propounded by counsel for appellant to a witness, relative to the speed at which appellee was operating the motor cycle immediately before the accident: "State whether or not Mr. Starr appeared to be going fast or slow, in your judgment." Objection was also sustained upon the same ground to the following question: "How did he come?" The court, in ruling upon the last objection, said: "Well, the question is indefinite, as it now stands." No further questions upon this point were propounded to the witness. The first question is not materially different from the line of examination held proper in *Payne v. Waterloo, C. F. & N. R. Co.*, 153 Iowa 445, and the court should have permitted the witness to answer the same.

The answer of the witness to the first

10. WITNESSES: examination: questions: indefinite questions.

question could only have been that he was going fast or slow, and if the former, it would have been in no sense conclusive as to the rate of speed at which the motor cycle was traveling. Further questioning would have been necessary to bring out materially important testimony. The court cannot presume, in the absence of some showing to the contrary, that the witness would have testified, in answer to further questions not propounded, that the speed of the motor cycle was in excess of that permitted by law. Perhaps, considering the connection in which the latter was

propounded, it would probably not have been error for the court to have permitted the witness to answer the same, but it is so apparent that no prejudice could have resulted to appellant from the ruling of the court sustaining the objection to the above question that we need not pursue the same in argument. It is not quite certain what counsel sought to elicit by this question. The question might or might not have been material or helpful to appellant. The ground upon which the court sustained the objection was that it was indefinite. The record fails to disclose that counsel propounded other questions more definite, or otherwise sought to indicate the matters which he desired to prove by the line of questioning complained of. We think, if the court committed error, it was without prejudice.

11. EVIDENCE: relevancy, materiality and competency. negligence: immaterial custom, etc.

X. Testimony was admitted in favor of defendant, both in chief and upon cross-examination, over the objections of plaintiff, regarding the adaptability of an Indian, and of a Harley-Davidson, motor cycle for carrying more than one passenger, and the custom prevailing in Charles City of more than one person's riding thereon. The theory upon which this testimony was admitted by the court is not clear, but we are satisfied that same was in no way prejudicial to plaintiff. The custom of various operators of motor cycles in Charles City to carry passengers could in no way tend to establish negligence upon the part of defendant, or the want of due care upon plaintiff's part. The evidence was wholly immaterial, and should have been excluded, but this case should not be reversed on account of its admission.

Numerous other alleged errors are assigned in the admission and exclusion of testimony, and some of the rulings of the court thereon may have been erroneous, both in the admission and exclusion thereof, but, upon a careful examination and analysis of the whole record, we are unable to

reach the conclusion that any substantial right of appellant was prejudiced thereby. On the whole, it cannot be said that plaintiff did not have a fair trial.

XI.   Some time after the jury retired to deliberate upon its verdict, the panel was brought in and interrogated by the court as to the probability of a verdict's being reached. Appellant complains because his attorneys were not notified and given an opportunity to be present, but the record contains the questions of the court and the answers of the jurors, and, without setting them out herein, we think the court committed no error in this regard.

It is our conclusion, therefore, upon the whole record, that the judgment of the lower court should be and the same is—*Affirmed.*

GAYNOR, C. J., WEAVER and PRESTON, JJ., concur.