## FRANK B. MATLOCH v. EDWARD C. JERABEK.[1]

### October 12, 1917.

### No. 20,574.

**Broker — action for procuring purchaser — verdict supported by evidence.**

1. The evidence justified a recovery by a real estate agent for procuring, at defendant's request, a person to whom defendant effected a sale of his house and lot.

**Same — evidence necessary.**

2. Plaintiff's employment being to procure a purchaser and not to negotiate a sale, it was not necessary to prove that the one procured by him was induced to buy because of plaintiff's efforts or representations.

**Same — absence of agreement — usual compensation.**

3. There being no agreement as to compensation, it was proper to show the customary rate charged for such services as plaintiff rendered.

**Accord and satisfaction not in issue.**

4. The evidence did not raise an issue of accord and satisfaction.

Action for $90.    Plaintiff recovered judgment for $45 in justice court and appealed to the municipal court of St. Paul.    The appeal was heard before Finehout, J., who when plaintiff rested denied defendant's motion to dismiss the action, and a jury which rendered a verdict for the amount

[1] Reported in 164 N. W. 587.

demanded. From an order denying defendant's motion for judgment notwithstanding the verdict or for a new trial, he appealed. Affirmed.

*Harry H. Peterson, Harry W. Oehler and Ottocar Sobotka,* for appellant.

*Gustavus Loevinger,* for respondent.

HOLT, J.

Plaintiff alleged that defendant was indebted to him in the sum of $90 for services rendered as a factor and agent in procuring for defendant an acceptable purchaser for a house and lot in St. Paul, Minnesota. The answer was a general denial, and a defense of accord and satisfaction. A verdict for the full amount was rendered and defendant appeals from the order denying his motion, in the alternative, for judgment notwithstanding the verdict or a new trial.

There was evidence to this effect: That defendant requested plaintiff, a real estate agent, to find a purchaser or prospect, for a house and lot which defendant owned and desired to sell, and for so doing defendant would make it right with plaintiff for whatever he was entitled to; that plaintiff agreed so to do, and then mentioned one Kohler as one who might be procured; that defendant asked that no proposed purchaser be invited to view the premises for a couple of weeks, or until the remodeling of the house could be completed; that within that time plaintiff spoke to Kohler about defendant's property, advised him to examine it and told him that it was a good proposition for him to buy; that a few days thereafter he again saw Kohler and urged him to see defendant and buy the property; that Kohler thereupon interviewed defendant, examined the premises, and got the price and terms upon which a purchase could be made but did not then conclude to buy; that before anything further was done plaintiff, supposing a sale had been effected, telephoned defendant concerning Kohler and asked compensation for his services; that he was informed that there had been no sale as yet to Kohler, but if there should be he would make it all right with plaintiff; that within a week or two defendant sold the property to Kohler for $1,800; and that the customary price paid real estate agents for procuring a purchaser was 5 per cent of the selling price up to $5,000. Such being the evidence, which the jury might find to be the truth, it is plain

138 M—9

that no error was made in denying defendant's motion for judgment. It is to be observed that the employment was to find a prospect or purchaser, and not to negotiate a sale. In this situation the authorities, cited to the point that no recovery can be had unless the agent is the efficient cause in closing the bargain, are not applicable. Plaintiff had performed his part when he procured a purchaser to whom defendant did make a sale upon such terms as defendant chose to fix. McDonald v. Smith, 99 Minn. 42, 108 N. W. 291. Before defendant closed the deal he knew, according to the testimony of both parties, that plaintiff claimed to have procured Kohler and recognized that some compensation was due therefor.

The errors assigned as grounds for a new trial do not appear of sufficient merit to warrant extended discussion. Holding, as we do, that defendant is not entitled to judgment notwithstanding the verdict, also decides that no error was committed in denying defendant's motions to dismiss and for a directed verdict. Whether plaintiff's recommendations induced Kohler to buy or the latter acted upon his own judgment, can have no bearing on plaintiff's right to compensation in this case, where the jury could find that the employment was simply to produce a person to whom defendant could make a sale. Kohler, called by defendant, testified that no other person than plaintiff spoke to him about buying of defendant. It therefore becomes wholly immaterial what was said between defendant and one Polochski in regard to the property. Whether plaintiff agreed to find a purchaser was for the jury to determine from what was said by the parties at the time of the alleged employment and not from a question calling for defendant's conclusion.

Defendant, with knowledge of plaintiff's occupation, requested him to find a purchaser for the property in question. Plaintiff, without objection, testified to a prevalent customary rate of charges for such services among real estate agents in St. Paul. There was no error in permitting the witness to state the rate so fixed by custom. Where a business custom, definite, uniform and well established, exists in respect to charges, or rates of compensation, for services rendered in a particular occupation, it may be assumed that, in contracting for such services, the parties made such charges or rates a part of their agreement, in the absence of an understanding to the contrary. Stevens v. Wisconsin Farm Land Co.

124 Minn. 421, 145 N. W. 173. Defendant did not question the existence of this custom, nor did he deny knowledge thereof, and he offered no evidence at all as to the reasonable value of the services rendered. We therefore think the court rightly instructed the jury that plaintiff was entitled to the customary rate if the verdict was in his favor.

Defendant pleaded accord and satisfaction. It appears that, after the sale, plaintiff insisted on compensation. Defendant then denied liability, but mailed a check for $5 to plaintiff. No letter accompanied the check and no previous talk had been had looking to a settlement for that or any other amount. Plaintiff did not present the check for payment, but brought this suit. We think the evidence failed to raise an issue of accord and satisfaction.

Order affirmed.