[No. 16270.    Department One.    March 29, 1921.]

## H. B. MILLER, *Appellant*, v. NELLIE SPENCER BROWN, *Respondent*.[1]

BROKERS (30)—ACTION FOR COMMISSION—DEFENSES—CONTRACT OF OWNER. Where a broker, authorized by written contract to secure a purchaser for a certain forty-acre tract, procures a purchaser ready, able and willing to purchase same, provided the owner sell him an additional forty-acre tract, and a sale of the two tracts is made to the broker's purchaser, the broker is entitled to a commission upon the sale of the tract covered by his contract.

APPEAL (487) — JUDGMENT — MATTERS DETERMINED WITHOUT REMAND. Where the trial court takes a case from the jury and renders judgment for defendant, the supreme court, on reversing same, has authority to enter final judgment in favor of plaintiff.

Appeal from a judgment of the superior court for Yakima county, Taylor, J., entered June 1, 1920, dismissing an action on contract, upon granting a nonsuit. Reversed.

*D. H. Bonsted,* for appellant.

HOLCOMB, J.—Appellant brought an action to recover a broker's commission on the sale of real estate, and alleged that the defendant was the owner of "The North half (N½) of the Southeast quarter (SE¼) of Section Two (2), Township Ten (10) North of Range Twenty (20) E. W. M., in Yakima county, Washington."

It was alleged that the real estate described was the separate property of the defendant; that, on or about March 3, 1919, defendant, by an instrument in writing, gave plaintiff the exclusive sale of the northeast quarter (NE¼) of the southeast quarter (SE¼), of section two (2), township ten (10) north of range twenty (20) east W. M., in Yakima county, Washington, for a

[1]Reported in 196 Pac. 573.

period of one hundred eighty days from date, at the price of $6,000, and agreed therein that in case of sale of the property described, either by defendant or by or through the plaintiff, to pay the plaintiff a commission of five per cent of the sale value; that thereafter, and on about May 5, 1919, plaintiff procured a purchaser who was ready, able and willing to purchase the property first above described for a consideration of $12,000; that the defendant and her husband, John R. Brown, duly accepted the terms, price and conditions of that sale, and executed a deed for the premises to the purchaser, which deed was left with plaintiff pending the payment of the balance of the purchase price to be paid by the purchaser; that the balance of the purchase price to be paid by the purchaser was, on that day, paid and delivered to the plaintiff as agent of the defendant; that thereafter on that day the defendant and her husband notified plaintiff not to deliver the deed to Roy Lillie, the purchaser, as it was not her desire to sell the land through plaintiff, her agent, and that the land was withdrawn for sale by plaintiff. That immediately thereafter, and on the same day, the defendant and her husband sold and conveyed the property to other parties.

Demand was made by the complaint for a broker's commission in the sum of $600, with interest from May 5, 1919. At the trial, however, the plaintiff waived broker's commission on any more than the purchase price of the original forty-acre tract, which had been listed with plaintiff at the purchase price of $6,000 therefor, or $300.

In her answer, the defendant admitted her ownership of the eighty-acre tract described in the complaint. At the trial of the case, plaintiff's proof sustained all of the allegations of the complaint.

At the conclusion of the plaintiff's case, the court, of its own motion, took the case from the jury and directed a judgment of dismissal on the ground that the undisputed evidence showed that the plaintiff's written authority to sell covered only forty acres, whereas the sale made covered the entire eighty-acre tract; that plaintiff did not procure a purchaser ready, able and willing to buy only the forty acres. Thereupon the case was withdrawn from the jury and the jury discharged, after which the court made and entered a formal order of dismissal.

The judgment of the lower court is wrong. It will be observed that the forty acres, for which appellant had the exclusive contract for one hundred and eighty days to sell for the defendant, was one of the forty-acre tracts included in the north half of the southeast quarter, etc., which was, in fact, sold. It seems that the purchaser whom appellant procured did not desire to purchase one forty-acre tract alone, but wanted the entire eighty acres. Negotiations were therefore had with the defendant, which resulted in her agreeing that the sale of the eighty acres might be made to appellant's purchaser for the sum of $12,000, subject to a mortgage thereon of about $3,500, and interest, which the purchaser assumed. Thereafter, on May 5, 1919, the respondent signed an earnest money receipt, agreeing to sell the entire eighty-acre tract to appellant's customer upon the terms stated therein. These terms did not depart from the original listing and contract made by the defendant with appellant, except as to the amount of the land and the purchase price. It was immaterial that the amount of the land sold was eighty acres instead of forty acres, which was the original contract, when, upon terms entirely satisfactory to respondent, and to a purchaser procured by appellant, who was ready, able and willing

to comply with the purchase upon those terms, as was shown by the undisputed evidence, the sale of the tract authorized in writing was negotiated. This entitled appellant to recover the pro rata part of the entire commission upon the entire sale, which he had contracted for and had earned. *Duncan v. Parker,* 81 Wash. 340, 142 Pac. 657, L. R. A. 1915A 804; *Godefroy v. Hupp,* 93 Wash. 371, 160 Pac. 1056, Ann. Cas. 1918 E 494.

Procuring a purchaser for the other tract, not included in a written memorandum as required by the statute of frauds, was merely a voluntary and gratuitous service on the part of the broker.

At all events, the court was in error in disregarding the fact that respondent has herself made an independent sale of the property within the time fixed by the broker's contract for an exclusive agency. The contract reads:

"I hereby give you the exclusive sale of the above described property for the period of 180 days from date hereof, and thereafter until withdrawn by sixty days written notice," etc.

We held in *Brownell v. Hanson,* 109 Wash. 447, 186 Pac. 873, that a broker who is given exclusive agency to sell property for a period of thirty days, and thereafter until revoked by written notice, is entitled to a commission upon sale made through another agent without notice to him.

The trial court having, of its own motion, taken the case from the jury, with the acquiescence of the respondent, upon facts sufficient to justify a verdict for the plaintiff for the commission which would be due on the sale of the forty acres listed in writing with appellant, respondent will now be bound by the record as it stands.

The judgment will be reversed, and judgment ordered for the sum of $300 in favor of appellant, with interest thereon from May 5, 1919, at the legal rate of six per cent, and all costs.

PARKER, C. J., FULLERTON, MACKINTOSH, and BRIDGES, JJ., concur.