[No. 16805.  Department One.  February 27, 1922.]

HENRY J. GUNNING, *Respondent,* v. JOHN H. MULLER
et al., *Appellants.*[1]

BROKERS (18)—COMPENSATION—PERFORMANCE OF CONTRACT—NE-
GOTIATIONS THROUGH OTHER AGENTS.  Where property listed with a
real estate broker for sale under an exclusive agency contract is
sold by the owner through another agent while the contract is still
in force, the broker is entitled to his commission.

SAME (3, 14)—EMPLOYMENT—DURATION—PERFORMANCE WITHIN
TIME SPECIFIED—CONSTRUCTION OF CONTRACT.  A broker's contract fix-
ing the price of property and providing for payment of "balance
this fall" was not a limitation on the time of continuance of the
contract, in view of an express provision therein that it was to run
"for the period of sixty days from date hereof and hereafter until
withdrawal by ten days' written notice."

SAME (3, 14).  An exclusive brokerage contract granted "until
withdrawal by ten days' written notice" is not invalid as extending
over an indefinite or unreasonable time, inasmuch as it is easily
revocable by written notice under the terms of the contract.

SAME (9)—EMPLOYMENT OF BROKER—CONTRACT—CONSIDERATION.
A contract agreeing to pay a broker a commission in consideration
of services to be performed in endeavoring to effect a sale of the
owner's property, cannot be said to be without consideration on the
broker's part where he did perform services by devoting consider-
able time and expense in trying to sell the property to a number
of persons, including those who finally purchased it.

Appeal from a judgment of the superior court for
Spokane county, Huneke, J., entered July 11, 1921, up-
on the verdict of a jury rendered in favor of the plain-
tiff, in an action to recover a broker's commission.
Affirmed.

*Allen, Winston & Allen,* for appellants.

*Fred B. Morrill,* for respondent.

[1]Reported in 204 Pac. 779.

MITCHELL, J.—Respondent sued for a broker's commission and recovered judgment. There was a contract between the parties, as follows:

"April 23, 1919.
"To Henry J. Gunning:

"In consideration of the services to be performed by you in endeavoring to effect a sale of the following described property, viz.: 711 acres adjoining the town of Harrington on the south, N½ Sec. 27 NE¼ Sec. 28—SE¼—Sec. 22—S½ of NE¼ Sec. 22, all in T 23 N Range 36 E.

"I do hereby give and grant unto you for the period of 60 days from date hereof and hereafter until withdrawal by ten days' written notice the exclusive right to sell said property, and I agree to convey the same or cause the same to be conveyed by good and sufficient warranty deed to the person or persons designated by you. The price of said property to be $36,000 and upon the following terms:

"Parties to assume mortgage of $12,000 at 6% interest, $5,000 cash, balance this fall. One-third of crop goes with place. Fall payment to be made before the 1-3 of crop is sold.

"I further agree in case of the sale to furnish an abstract of title to said property, duly certified to date by a competent abstractor, and to pay you a commission of $1,500 per cent of the purchase price.
Address...............................
"John H. Muller, Owner.
"Theresia Muller."

Subsequent to the making of the contract, and after the respondent had given considerable time and effort towards making a sale of the property, it was sold through another agent of the appellants (appointed after the date of the contract with respondent) to parties with whom the respondent had already attempted to make a sale.

The case is presented here by the appellants from three view points:

(1) It is argued that the respondent did not produce a purchaser able and willing to buy upon the terms specified in the contract, since it was shown that the purchasers were able to buy only after a loan was made to them by the second broker; that the appellants acted in good faith and did pay a commission to the second agent; and that this is not a case of a purchaser going behind an agent to save a commission. None or all of these facts or circumstances are sufficient to avoid liability. The contract was still in force at the time of the sale by the appellants through their second agent. It was an exclusive agency contract. The situation was similar in this respect to those in the cases of *Brownell v. Hanson*, 109 Wash. 447, 186 Pac. 873, and *Miller v. Brown*, 115 Wash. 177, 196 Pac. 573, in each of which the broker prevailed. See, also, C. J. vol. 9 (Brokers), p. 622; R. C. L., vol. 4 (Brokers), § 50, p. 318.

(2) It is contended that the respondent is not entitled to a recovery because the contract provided the "balance" of the purchase price was to be paid in the fall (1919), whereas the deeds by which the appellants conveyed the property were not delivered until about December 6, 1919. In the first place, while it is true the deeds were not delivered to the purchaser until about December 6, 1919, they were executed by the appellants on October 16, 1919, which was about, or shortly after, the time the purchasers agreed to take the property. The delay thereafter before the delivery of the deeds seems to have been necessary to procure a release of an outstanding mortgage on the property, to meet the final understanding of the parties to the sale. But, further, the contract with the respondent,

considered altogether, shows that the words relied on by the appellants, "balance this fall," relate to the terms or price, and not to the limitation of time for the continuance of the contract. Such is the particular and immediate setting of those words, while the dominating and controlling provision as to the time the contract of agency should continue is "for the period of sixty days from date hereof and hereafter until withdrawal by ten days' written notice." No notice of cancellation or withdrawal of the contract was ever given, therefore it was in force at the time of the sale. Nor is there any objection to the contract that it may be considered as extending over an indefinite or unreasonable length of time, for as was said in *Brownell v. Hanson, supra,* of a similar provision, "The agency could easily be revoked at any time, either at or after the fixed period had expired, by written notice, as the contract provided."

(3) It is claimed the respondent was not obligated to do anything, and that therefore the contract was unilateral and that no recovery may be had by him. We need not consider what respondent's rights would have been had he done nothing under the contract. The promise of the appellants was made "in consideration of services to be performed" by the respondent. The undisputed evidence is that he did perform services and devoted considerable time and expense in trying to sell the property to a number of persons, including those who finally purchased it. Certainly, after that was done, it cannot be successfully claimed that there was any lack of consideration for the obligation sought to be enforced by this action. *Braniff v. Baier,* 101 Kan. 117, 165 Pac. 816, L. R. A. 1917E 1036; *Metcalf v. Kent,* 104 Iowa 487, 73 N. W. 1037; *Lapham v. Flint,* 86 Minn. 376, 90 N. W. 780; *Axe v. Tolbert,*

179 Mich. 556, 146 N. W. 418; R. C. L., vol. 4, § 56, p. 318.

Affirmed.

PARKER, C. J., FULLERTON, TOLMAN, and BRIDGES, JJ., concur.