[No. 17290.   Department Two.   October 2, 1922.]

# E. Robertson, *Respondent*, v. Peter Wilson *et al.,* *Appellants.*[1]

Brokers (3)—Contract of Employment—Duration—Reasonable Time.  A contract listing real estate with a broker for sale for a period of "———— months" is not void for indefiniteness as to its duration, which would be for a reasonable time.

Evidence (168)—Parol Evidence to Vary Writing—Collateral Agreement.  A contract exclusively listing real estate with a broker for "———— months" may not be varied by evidence of a collateral understanding and oral statements that the owner refused to list the property exclusively or for any but an indefinite time, and had given other listings to other agents.

Brokers (14)—Compensation—Performance Within Time Specified.  A contract exclusively listing real estate with a broker for a period of "———— months" is performed within a reasonable time, as a matter of law, where a sale was made within eighteen days.

Same (3, 18)—Employment—Duration—Negotiations Through Other Agents.  Where an owner violates an exclusive listing of real estate with a broker, by selling the property without notice, the broker is entitled to his commissions on making a sale, without showing ability on the part of the prospective buyer to buy.

Appeal from a judgment of the superior court for Spokane county, Oswald, J., entered October 29, 1921, upon findings in favor of the plaintiff, in an action on contract, tried to the court.  Affirmed.

*Harry Rosenhaupt* and *Lucius G. Nash,* for appellant.

*Goodsell & Farrington,* for respondent.

Holcomb, J.—Respondent brought this action for the recovery of $325 which he claimed by virtue of a contract in writing, dated January 1, 1921, giving him an

[1]Reported in 209 Pac. 841.

exclusive listing of the place of business of appellants.

The contract set out in the complaint is as follows:

"I or we do hereby give E. Robertson, business opportunities and real estate agent, of Spokane, Washington, the exclusive right as agent as against myself or ourselves or others for a period of —————— months from date hereof to sell my or our property as described on the back and agree to deliver free of charge abstract and warranty deed showing title free and clear from liens and incumbrances. The said E. Robertson to receive from first money paid on purchase price a commission of 5 per cent upon the sale price of $6,175, net to me or us. Or said E. Robertson may sell or buy said property for a consideration of $6,175, net to me or us, and for his services all money he receives for sale over the above $6,175, title to be taken in the name of E. Robertson or in the name of any person he may designate.

"Witness my or our hands and seals this 1st day of January, 1921. (Signed) Wilson & Scott (Seals)"

On the reverse side of the instrument was the description and inventory of the business place and some other information.

The complaint also alleges that, on January 18, 1921, respondent produced a prospective purchaser, ready, willing and able to pay, and that he was then advised the place had been sold. It also alleges that the contract had not been cancelled or withdrawn, save and except for the notice of sale above mentioned, and after respondent's prospective purchaser had been produced by him, and that appellants refuse to pay the commission demanded.

Appellants attempted several times to answer affirmatively, alleging that, at about the same time they signed the listing, they specifically stated to respondent that it was not an exclusive listing; that they would give no exclusive listing; that they had made the same

or similar listings with other parties and would not give respondent an exclusive listing; and that the listing made with respondent was incomplete, but if respondent was willing to accept it for an indefinite period and make the sale in accordance with their terms and before any other person made it, in that event they would pay the commission as agreed; that respondent accepted such incomplete listing with full knowledge and agreed to its terms and conditions. It was also alleged that appellants sold the property through another agent prior to the time respondent stated he brought a customer or intending buyer, and that the selling agent had a listing prior to the time the listing was made with respondent.

These affirmative defenses were all stricken from the answer, and after eliminating the stricken portions, the second amended answer admitted that appellants signed the contract as set forth in the complaint; admitted that appellants, sometime in January, 1921, informed respondent that the property in question was sold; admitted that they refused to pay the respondent any commission, and denied each and every other allegation in the complaint.

Appellants group all their assignments of error together, but argue, first, there was no contract entered into which constituted a valid and binding agreement; that the contract as plead is for blank months, which, upon the face of it, shows there never was a meeting of the minds as to the length of time respondent was to have.

We do not so construe it. The contract is complete in all its essentials except as to the period of time it was to endure. Had it been incomplete as to the purchase price, or as to the commission to be paid the broker, it would then necessarily be said that there had been no meeting of the minds, but being complete

in all the essentials and only leaving the duration of the contract blank, it would seem to mean only that an indefinite time was granted.

Where no specific time is fixed for the duration of a real estate broker's agency, a reasonable time is granted within which to perform the contract by the broker, and what is a reasonable time for the performance of such a contract depends upon the nature of the contract and the particular circumstances. 9 Cyc. 606-7. It is a matter of law for the court when it depends upon the construction of a contract in writing or upon the undisputed extrinsic facts, and a question of fact for the jury when it depends on facts extrinsic to the contract and which are matters in dispute. 9 Cyc. 614-15.

What appellants are attempting to do, however, is to vary the terms of the contract in writing entered into by showing that a collateral oral agreement was made between the parties, as alleged in the affirmative defenses. This we have so often held cannot be done that it is hardly necessary to cite authorities from our court. It can be held, as a matter of law, that no more than a reasonable time had elapsed when, according to the allegations of the complaint and the evidence of respondent at the trial, respondent had found a purchaser ready, able and willing to buy upon appellants' terms and appellants had already sold through another agent. The first notice of sale by appellants to respondent was on January 18, 1921, eighteen days after the contract had been entered into. Since the contract specified no time for its duration, appellants had the right, while acting in good faith, to revoke the agency at will at any time before respondent found a purchaser. This is laid down by one of the cases cited by appellants: *Alexander v. Sherwood Co.,* 72 W. Va. 195,

77 S. E. 1027, 49 L. R. A. (N. S.) 985, and 2 C. J. 526, and is held in our decision in *Knox v. Parker,* 2 Wash. 34, 25 Pac. 909. That is not what appellants did. They did not revoke the authority of respondent and put an end to his employment, but sold the property through another agent, in the face of their exclusive contract in writing with respondent. They thereby placed it out of their power to perform the contract and rendered it impossible for respondent to perform. It was, therefore, not incumbent upon respondent to show ability on the part of the prospective purchaser to buy. The case is governed as to the right of brokers to recover under such exclusive contracts by our decisions in *Brownell v. Hanson,* 109 Wash. 447, 186 Pac. 873; *Miller v. Brown,* 115 Wash. 177, 196 Pac. 573; and *Gunning v. Muller,* 118 Wash. 685, 204 Pac. 779.

The judgment is affirmed.

PARKER, C. J., MAIN, and HOVEY, JJ., concur.