ROSE TEUFEL, Appellee, v. JAMES HAYES, Appellant.

**TRIAL:** Instructions—Modification. Modifications of requested instructions furnish no basis for assignment of error when the legal effect of the instruction remains unchanged.

**EVIDENCE:** Opinion Evidence—Rate of Speed. A witness need not be an expert in order to testify as to rate of speed.

*Appeal from Muscatine District Court.*—F. D. LETTS, Judge.

FEBRUARY 12, 1924.

ACTION for damages for injury caused by plaintiff's being struck by an automobile operated by the defendant's son. Verdict for the plaintiff, and the defendant appeals.—*Affirmed.*

*Thompson & Thompson,* for appellant.

*Robert S. Jackson* and *Richard B. Swift,* for appellee.

FAVILLE, J.—I. Front Street in the city of Muscatine runs east and west. It is intersected at right angles by Sycamore Street. The passenger station of the Rock Island Railroad Company is located on Front Street, west of Sycamore Street, and the east end of the depot is about seventy-eight feet from the west line of Sycamore Street.

Between eight and nine o'clock on the evening of January 8, 1921, appellee had been to the railway station, and was returning across Front Street at the time she was struck by a car operated by appellant's son. The exact point of the collision is a matter of dispute in the evidence. Appellee contends that, at the time, she was walking northward on the crossing on the west side of Sycamore Street; while the evidence of appellant's witnesses all tends to show that the accident occurred at a point a considerable distance west of the west line of Sycamore Street. Front Street is approximately fifty feet in width, and the evidence tends to show that, at the time of the accident, there were automobiles parked on the north side of Front Street, west of Sycamore Street, which narrowed the space in which it was possible to drive a car. Appellant's son, with three companions, was driving a Ford car westward on Front Street, and it is practically without dispute in the evidence that the collision occurred south of the center line of Front Street: that is to say, appellant's automobile was moving westward at the time of the collision, south of the center of the street. The driver explains

the location of the car by two circumstances: one, the presence of automobiles parked on the north side of Front Street; and the other, the fact, as he contended, that he observed appellee in the street in the act of crossing to the north, and that he diverted the course of his car to the south, for the purpose and with the expectation of passing behind appellee, and that appellee suddenly and without warning changed her course and attempted to retrace her steps and passed directly in front of the automobile before the driver had an opportunity to stop the same or to avoid the collision. Appellant offered evidence to sustain his contention on both of these matters.

There was evidence in the case that appellee appeared to be confused after she was part way across the street, and then turned back. Appellee contends that she did not stop or retrace her steps after she left the south side of Front Street.

The evidence, while in conflict, made a case for the jury. We recently considered a somewhat similar question in *Smith v. Spirek,* 196 Iowa 1328.

Appellant requested the court to give the jury an instruction on the question of the conduct of the driver of the car in turning his automobile to the left in an attempt to pass appellee, and that he was not bound to anticipate that appellee would change her mind and retrace her steps. The court modified the instruction by inserting the clause, ''and in doing so, failed to exercise ordinary care for her own safety.'' The court might well have refused to give the instruction as requested by appellant; but the only complaint that appellant is now in a position to urge against the instruction is because of the modification made therein by the court.

1. TRIAL: instructions: modification.

The argument on this question has taken quite an extended range, and involves a discussion of proximate cause, contributory negligence, and negligence on the part of the driver of the car. Appellant saw fit to request an instruction on the question of contributory negligence under certain facts assumed in the instruction. The request was that the court charge the jury that, under such a state of facts, the jury should find appellee ''guilty of contributory negligence.'' The court added the clause that if, in doing the thing assumed in the instruction as

requested, the appellee "failed to exercise ordinary care for her own safety," then she would be guilty of contributory negligence. We fail to see how any prejudice resulted to appellant by the modification of the requested instruction as made by the court. In other instructions, the court correctly instructed the jury in regard to ordinary care. The modification of the requested instruction did not change its legal effect, and it was not erroneous as given. The modification made by the court did not make the instruction erroneous nor inapplicable to the case. We do not find reversible error at this point.

II. Appellee was permitted, over the objection of appellant, to testify in regard to the speed of the car just before it struck her. She said:

2. EVIDENCE: opinion evidence: rate of speed.

"As nearly as I can state, the car was going at least twenty-five or thirty miles an hour."

In this connection, appellee also testified:

"I have ridden in automobiles during my lifetime frequently. I have had occasion to observe the speed of an automobile at different times. I have observed the speedometer on a car while I was driving along."

The evidence was sufficient to permit appellee to testify in regard to the speed of the car. It has been repeatedly held that it was not necessary that a witness should be an expert in order to testify as to rate of speed. *Payne v. Waterloo, C. F. & N. R. Co.*, 153 Iowa 445; *Schultz v. Starr*, 180 Iowa 1319; *Owens v. Iowa County*, 186 Iowa 408.

We have examined the record with care. The case was a proper one for the determination of the jury. Its conclusion is binding upon us. We find no error of law requiring interference on our part, and the judgment appealed from must be— *Affirmed.*

ARTHUR, C. J., EVANS and PRESTON, JJ., concur.