## McMANUS v. NEWCOMB.
### No. 627.

Municipal Court of Appeals for the District of Columbia.
Sept. 3, 1948.

---

H. Max Ammerman, of Washington, D. C. (Edwin Shelton, of Washington, D. C., on the brief), for appellant.

. Alton S. Bradford, of Washington, D. C., for appellee.

Before CAYTON, Chief Judge, HOOD, Associate Judge and QUINN, Associate Judge, The Municipal Court for the District of Columbia, sitting by designation.[1]

HOOD, Associate Judge.

Appellant signed listing cards authorizing appellee, a broker, to offer for sale two properties owned by appellant, "with exclusive rights as my Agent for the period of 60 days." Appellee endeavored to find purchasers by newspaper advertising and by showing the properties to interested persons. Before appellee had found a purchaser, and within two weeks after the listing, appellant sold both properties through other brokers. Appellee brought this action for commissions on the sales.

In her answer and at trial appellant contended that she signed the listing cards without reading them and was induced to do so by the false representations of appellee that the cards constituted general non-exclusive listings. Appellee testified that appellant signed the listings after reading them and after he had explained to her the exclusive nature of the agency created by them. On this issue of fact the jury found against appellant and returned a verdict for the broker.

On appeal appellant contends that the listing cards signed by her did not constitute contracts. Two points are made under this argument. First, that there was no consideration passing from the broker to appellant and therefore the listings constituted mere offers subject to cancellation at any time prior to acceptance by production of a purchaser on the authorized terms. The great weight of authority is contrary to this contention. It is generally held that when a broker in reliance upon an exclusive authorization to sell uses reasonable efforts to find a purchaser, expending time and money, such acts constitute an acceptance on his part and supply the consideration necessary to effect a mutual contract.[2] The second point made is that the listing cards contained no agreement by appellant to pay a commission. However, in the absence of an express agreement there was an implied undertaking to pay the broker the usual and customary commission.[3]

It is next contended that the broker failed to prove that he sustained any damage in that he offered no proof of the reasonable value of his services or of the

---

[1] Code 1940, Supp. V, 11–771.

[2] Harris v. McPherson, 97 Conn. 164, 115 A. 723, 24 A.L.R. 1530; Bell v. Dimmerling, 149 Ohio St. 165, 78 N.E.2d 49; Mercantile Trust Co. v. Lamar, 148 Mo. App. 353, 128 S.W. 20; Gunning v. Muller, 118 Wash. 685, 204 P. 779; Greene v. Minn Billiard Co.; 170 Wis. 597, 176 N.W. 239; McFarland v. Lynch, Tex. Civ.App. 159 S.W. 303. Cf. Wood v. Lucy, Lady Duff-Gordan, 222 N.Y. 88, 118 N.E. 214; Restatement, Contracts, § 45.

[3] Fornara v. Wolpe, 26 Ariz. 383, 226

amount of money expended by him in connection therewith. However, the broker was not suing for the value of his services. He was suing on a contract which gave him "exclusive rights" as appellant's agent.[4] Appellant breached her agreement with the broker by placing the properties for sale in the hands of other agents. When sales were effected through such agents, the broker with the exclusive agency was entitled to recover an amount equal to the commissions on the sales. Some authorities merely say he is entitled to recover a commission; others say he is entitled to recover damages measured by the amount of the commission. The practical effect is the same.[5]

■ Error is also assigned in the charge to the jury with respect to the measure of damages. The judge charged the jury that the damages should not exceed the commission stipulated in the agreement, such commission to be calculated upon the price at which the land was sold. It is claimed this was error because the listings contained no stipulation or promise to pay a commission. As we have said before, in the absence of an express agreement to pay a specified commission there was an implied agreement to pay the usual and customary commission. Appellant testified she paid the brokers effecting the sales the "regular" commission of 5% of the selling price. Thus, while the listings did not "stipulate" a commission they implied the usual or regular commission, and error, if any, in the charge was immaterial.

■ The final assignment of error relates to the testimony of the broker that he was a licensed real estate broker. The Real Estate and Business Brokers' License Act provides that a real estate broker shall not maintain an action for compensation without alleging and proving that he was a licensed broker at the time the alleged cause of action arose. Code 1940, 45—1407. The contention is made that, in view of the language of the statute, the best evidence should have been produced, namely, the license itself, and that it was error to allow oral testimony by the broker that he was duly licensed. We do not agree with this contention. The licensed status of the broker was only incidental to the main issue. Indeed, no issue was made as to such status. The complaint alleged that the broker was duly licensed and the answer admitted the allegation. Under these circumstances the testimony of the broker was sufficient proof and production of the license itself was not required.

Affirmed.

---

P. 203; Rich v. Weeks, 279 Mass. 452, 181 N.E. 712; Wall v. Boston Safe Deposit & Trust Co., 254 Mass. 464, 150 N.E. 220; Matloch v. Jerabek, 138 Minn. 128, 164 N.W. 587.

4 Whether the agreement gave the broker an exclusive agency or an exclusive right to offer for sale need not be decided, since the sales were made through the agency of other brokers. See Shea v. Second Nat. Bank of Washington, 76 U.S.App.D.C. 406, 133 F.2d 17.

5 Fleming v. Dolfin, 214 Cal. 269, 4 P. 2d 776, 78 A.L.R. 585; Harris v. McPherson, 97 Conn. 164, 115 A. 723, 24 A.L.R. 1530; Carter v. Hall, 191 Ky. 75, 229 S.W. 132; Gaillard Realty Co., Inc., v. Rogers Wire Works, Inc., 215 App. Div. 326, 213 N.Y.S. 616; Gunning v. Muller, 118 Wash. 685, 204 P. 779; McFarland v. Lynch, Tex.Civ.App., 159 S. W. 303.