Louis T. Stensgaard *vs.* John Smith.

February 17, 1890.

| | |
|---|---|
| 43 | 11 |
| 79 | 372 |
| 43 | 11 |
| 83 | 350 |
| 43 | 11 |
| e86 | 377 |

Contract—Mutuality—Writing Appointing Exclusive Agent—Revocation.—The plaintiff received from the defendant a writing, unilateral in form, and signed only by the defendant, declaring that, in consideration of the plaintiff agreeing to act as agent for the sale of certain land, he (defendant) thereby gave to plaintiff the exclusive right for three months to sell the same, and 'promised to pay a stated commission for making a sale. Instrument construed as not being a contract, for want of mutuality, but as conferring present authority to sell the land, but

revocable at any time before a sale should be effected, unless plaintiff should complete a contract by such an acceptance of the defendant's offer as would place him under obligation to act as agent for the period named.

**Same—Acts of Agent Held not to Show Agreement on his Part.**—The mere receiving of this writing by plaintiff did not import an agreement on his part to so act as agent, nor did the fact that he tried for a month to sell the land fix upon him that obligation, for such conduct is referable to the naked present power to sell, and proof of such facts by plaintiff was insufficient to sustain an averment of a *contract* entered into.

Action brought in the district court for Ramsey county, to recover $13,000 damages for breach of the alleged contract set forth in the opinion, the complaint alleging that immediately after the date of such contract the land described in it rapidly increased in value, and within the period of three months designated in such contract the land was worth in market and could and would have been sold by plaintiff for $30,000, except for defendant's breach of the contract on January 12, 1887, by conveying the land to another. At the trial, before *Kelly*, J., a verdict was directed for defendant at the close of plaintiff's case. A new trial was refused, and plaintiff appealed.

*John W. Willis* and *Charles A. Willard*, for appellant.

*Kueffner & Fauntleroy*, for respondent.

DICKINSON, J. This action is for the recovery of damages for breach of contract. The rulings of the court below, upon the trial, were based upon its conclusion that no contract was shown to have been entered into between these parties. We are called upon to review the case upon this point. The plaintiff was engaged in business as a real-estate broker. On the 11th of December, 1886, he procured the defendant to execute the following instrument, which was mostly in printed form:

"St. Paul, Dec. 11, 1886.

"In consideration of L. T. Stensgaard agreeing to act as agent for the sale of the property hereinafter mentioned, I have hereby given to said L. T. Stensgaard the exclusive sale, for three months from date, the following property, to wit: [Here follows a description of the property, the terms of sale, and some other provisions

not necessary to be stated.] I further agree to pay said L. T. Stensgaard a commission of two and one-half per cent. on the first $2,000, and two and one-half per cent. on the balance of the purchase price, for his services rendered in selling of the above-mentioned property, whether the title is accepted or not, and also whatever he may get or obtain for the sale of said property above $17,-000 for such property, if the property is sold.

"JOHN SMITH."

The evidence showed that the plaintiff immediately took steps to effect a sale of the land, posted notices upon it, published advertisements in newspapers, and individually solicited purchasers. About a month subsequent to the execution by the defendant of the above instrument, he himself sold the property. This constitutes the alleged breach of contract for which a recovery of damages is sought.

The court was justified in its conclusion that no contract was shown to have been entered into, and hence that no cause of action was established. The writing signed by the defendant did not of itself constitute a contract between these parties. In terms indicating that the instrument was intended to be at once operative, it conferred present authority on the plaintiff to sell the land, and included the promise of the defendant that, if the plaintiff should sell the land, he should receive the stated compensation. This alone was no contract, for there was no mutuality of obligation, nor any other consideration for the agreement of the defendant. The plaintiff did not by this instrument obligate himself to do anything, and therefore the other party was not bound. *Bailey* v. *Austrian*, 19 Minn. 465, (535;) *Tarbox* v. *Gotzian*, 20 Minn. 122, (139.) If, acting under the authority thus conferred, the plaintiff had, before its revocation, sold the land, such performance would have completed a contract, and the plaintiff would have earned the compensation promised by the defendant for such performance. *Andreas* v. *Holcombe*, 22 Minn. 339; *Ellsworth* v. *Southern Minn. Ry. Extension Co.*, 31 Minn. 543, (18 N. W. Rep. 822.) But so long as this remained a mere present authorization to sell, without contract obligations having been fixed, it was revocable by the defendant. The instrument does, it is true, commence with

the words : "In consideration of L. T. Stensgaard agreeing to act as
agent for the sale of the property," etc. ; but no such agreement on
the part of the plaintiff was shown on the trial to have been actually
made, although it was incumbent upon him to establish the existence
of a contract as the basis of his action.    This instrument does not
contain an agreement on the part of the plaintiff, for he is no party
to its execution.    It expresses no promise or agreement except that
of the defendant.    It may be added that the language of the "consid-
eration" clause is not such as naturally expresses the fact of an agree-
ment having been already made on the part of the plaintiff.    Of
course, no consideration was necessary to support the present, but
revocable, authorization to sell.    It is difficult to give any practical
effect to this clause in the construction of the instrument.    It seems
probable, in the absence of proof of such an agreement, that this
clause had no reference to any actual agreement between these par-
ties, but was a part of the printed matter which the plaintiff had pre-
pared for use in his business, with the intention of making it effect-
ual by his own signature.    If he had appended to this instrument his
agreement to accept the agency, or even if he had signed this instru-
ment, this clause would have had an obvious meaning.

This instrument, executed only by the defendant, was effectual, as
we have said, as a present, but revocable, grant of authority to sell.
It involved, moreover, an offer on the part of the defendant to contract
with the plaintiff that the latter should have, for the period of three
months, the exclusive right to sell the land.    This action is based
upon the theory that such a contract was entered into; but, to con-
stitute such a contract, it was necessary that the plaintiff should in
some way signify his acceptance of the offer, so as to place himself
under the reciprocal obligation to exert himself during the whole
period named to effect a sale.    No express agreement was shown.
The mere receiving and retaining this instrument did not import an
agreement thus to act for the period named, for the reason that,
whether the plaintiff should be willing to take upon himself that ob-
ligation or not, he might accept and act upon the revocable authority
to sell expressed in the writing; and, if he should succeed in effecting a
sale before the power should be revoked, he would earn the commis-

sion specified. In other words, the instrument was presently effectual and of advantage to him, whether he chose to place himself under contract obligations or not. For the same reason the fact that for a day or a month he availed himself of the right to sell conferred by the defendant, by attempting to make a sale, does not justify the inference, in an action where the burden is on the plaintiff to prove a contract, that he had accepted the offer of the defendant to conclude a contract covering the period of three months, so that he could not have discontinued his efforts without rendering himself liable in damages. In brief, it was in the power of the plaintiff either to convert the defendant's offer and authorization into a complete contract, or to act upon it as a naked revocable power, or to do nothing at all. He appears to have simply availed himself, for about a month, of the naked present right to sell if he could do so. He cannot now complain that the land-owner then revoked the authority, which was still unexecuted. It may be added that there was no attempt at the trial to show that the plaintiff notified the defendant that he was endeavoring to sell the land; and there is but little, if any, ground for an inference from the evidence that the defendant in fact knew it.

The case is distinguishable from those where, under a unilateral promise, there has been a performance by the other party of services, or other thing to be done, *for which*, by the terms of the promise, compensation was to be made. Such was the case of *Goward* v. *Waters*, 98 Mass. 596, relied upon by the appellant as being strictly analogous to this case. In the case before us, compensation was to be paid only in case of a sale of the land by the plaintiff. He can recover nothing for what he did, unless there was a complete contract; in which case, of course, he might have recovered damages for its breach.

Order affirmed.

NOTE. A motion for a reargument of this case was denied April 9, 1890.