FRANK W. LAPHAM v. HENRY A. FLINT.[1]

June 6, 1902.

Nos. 13,059—(120).

**Broker's Commission.**

Although an agreement signed by a real estate owner to pay an agent certain commission in the event that he should himself make a sale is a unilateral contract, and invalid upon its face, yet it may be accepted by the agent's partial performance thereof, and thereby become enforceable.

**Complaint—Demurrer.**

A complaint in an action brought to recover such commission *held* to state a cause of action.

Appeal by defendant from an order of the municipal court of St. Paul, Orr, J., overruling a demurrer to the complaint. Affirmed.

*Samuel Whaley*, for appellant.

*William T. Goddard*, for respondent.

LEWIS, J.

Appellant, the owner of certain real estate, executed and delivered to respondent a writing in part as follows:

"To F. W. Lapham, St. Paul, Minn.:

"For value received, I hereby constitute you my sole agent, until the first day of May, 1902, to sell the following described real estate for the price and upon the terms herein set forth, or with such modification thereof as I may hereafter consent to. [Description of property and terms of sale.] In case of your procuring a responsible purchaser, I agree to perform the conditions of the standard contract of sale adopted by the Real Estate Exchange of St. Paul, Minn., and to pay you as commission $208.25. I hereby authorize you to execute contract on my behalf. I also agree to give standard commission in lieu of above on purchase price, should I find purchaser myself.                    Henry A. Flint.

"Dated at St. Paul, Minn., the 26th day of April, 1901."

This action is brought to recover commission claimed due under the above-quoted contract. The complaint alleges appellant's

[1] Reported in 90 N. W. 780.

execution of the contract, and its delivery to respondent; that, after delivery, respondent listed the property for sale, and at various times advertised and endeavored to sell it; and that thereafter, on August 28, 1901, appellant personally sold and conveyed the property to a third person for $2,700, but refused to pay respondent the commission, which, according to the standard rate, amounted to $117.50. To this complaint a demurrer was entered upon the ground that it did not state facts sufficient to constitute a cause of action, and, the same being overruled, defendant appealed.

The argument in support of the demurrer is that the contract was, upon its face, unilateral, and contained no engagement or promise on respondent's part to do any act, and hence is not binding; citing Stensgaard v. Smith, 43 Minn. 11, 44 N. W. 669, and Bailey v. Austrian, 19 Minn. 465 (535).

The contract under consideration in Stensgaard v. Smith, supra, contained no express provision that the owner should pay the agent commission in case he should himself make the sale. The only question before the court in that case was whether the contract, upon its face, unaided by evidence or allegations in the complaint, expressed a mutuality of obligation; and it was properly held that it did not, because there was nothing in the contract to indicate any acceptance of the obligation, either in writing or by performance. But in the case before us, conceding that the contract, upon its face, is unilateral, and does not express mutuality of agreement, yet the complaint alleged that, after delivery of the contract, respondent performed services in pursuance thereof, by listing and advertising the property, and endeavoring to sell it. This allegation is sufficient to support evidence of acceptance by the agent. If in fact the agent proceeded in good faith to carry out the terms of the agreement, advertised the property, and endeavored to find a purchaser for it, according to the written terms, that would constitute an acceptance; and, if the owner himself disposed of the premises during that time, he was nevertheless bound by the terms of the agreement, and is liable for the commission which he expressly agreed to pay. The complaint

states a good cause of action. Goward v. Waters, 98 Mass. 596, and Singleton v. O'Blenis, 125 Ind. 151, 25 N. E. 154.

Order affirmed.