# CONFER BROTHERS, INC. v. J. A. COLBRATH.[1]

## June 17, 1921.

## No. 22,231.

**Broker — sale by owner — action for commission.**

In consideration of plaintiff's efforts to sell certain real estate, defendant gave plaintiff the exclusive right to sell it for a period of 30 days, and agreed to pay plaintiff a specified commission upon any sale made while the contract remained in force, whether made by plaintiff or defendant. Plaintiff accepted the employment by advertising the property and taking prospective purchasers to examine it. Defendant sold the property himself within 30 days. *Held* that plaintiff was entitled to recover the stipulated commission.

Action in the municipal court of Minneapolis to recover $320 commission upon the sale of real estate. The answer alleged that the agreement with plaintiff was not effective until September 11, 1919. The case was tried before Montgomery, J., and a jury which returned a verdict for $312.50. From an order denying his motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*L. O. Rue*, for appellant.
*Eugene S. Bibb*, for respondent.

TAYLOR, C.

Plaintiff is a corporation engaged in the business of selling real estate on commission and is located in the city of Minneapolis. On September 4, 1919, defendant executed to plaintiff an instrument which so far as here important is as follows:

"To Confer Bros. Members of Minneapolis Real Estate Board:

"In consideration of your agreement to list in your office the real estate described on the reverse side of this card, and of your efforts to find a purchaser for the same, I hereby grant to you the exclusive right

[1]Reported in 183 N. W. 524.

to sell or to contract to sell said real estate within a period of thirty days from the date hereof * * * and for your services I hereby agree to pay you the regular Minneapolis Real Estate Board commission * * * upon any sale or contract for the sale of said real estate while this agreement remains in force, whether such sale be made by yourself or by myself * * *

"J. A. Colbrath

"Owner.

"Accepted E. E. Bell

"Members Minneapolis Real Estate Board."

Three days later defendant sold the property himself without any aid from plaintiff. Plaintiff sued for the stipulated commission, the court directed a verdict therefor, and defendant appeals from an order denying a new trial.

Defendant contends that the contract was unilateral and without consideration, and that plaintiff had neither accepted it nor assumed any obligations under it and cannot recover for that reason. The contract does not purport to have been accepted by plaintiff, but by E. E. Bell. Bell was the employe of plaintiff with whom defendant transacted the business, but no attempt was made to show that he was an officer of the corporation or had any authority to make contracts in its behalf, and he did not purport to sign the acceptance in its behalf. However, the undisputed evidence shows that plaintiff had had a photograph made of the house for use in a display advertisement and had ordered the advertisement published, and had taken at least two prospective purchasers to examine the property within the three days that elapsed before the sale. This was sufficient to show an acceptance of the employment within the doctrine of Lapham v. Flint, 86 Minn. 376, 90 N. W. 780, conceding that the acceptance by Bell was ineffective.

Defendant claims that, by the terms of the contract, plaintiff was entitled to compensation only in case the sale was made by plaintiff or by defendant, and that the sale was not made by either, but by defendant's wife who owned the property. Plaintiff, in its complaint, alleged that defendant sold the property, and defendant, in his answer, alleged that he made the sale through his own efforts without aid from plaintiff, so the fact that he made the sale stands admitted. We find

no error in the ruling that as defendant had made the contract as owner of the property and plaintiff had acted on that theory, evidence tending to show that the property did not belong to defendant, but to his wife, was not material.

The cases cited by defendant in respect to the measure of damages where a party who has undertaken to perform an executory contract is prevented from doing so by the other party, are not in point. Defendant agreed to pay a specified commission in the event of a sale. The sale was made, plaintiff brought suit on the contract for the stipulated amount, and, if entitled to recover at all, was entitled to recover that amount.

Order affirmed.