## P. J. NORTON v. WYMAN, PARTRIDGE & COMPANY.[1]

December 24, 1925.

No. 25,021.

**Evidence warranted jury in finding defendant employed plaintiff.**

1. The evidence justified the jury in finding that the appellant entered into a contract with the respondent, employing him as a collector of accounts owing to one of appellant's customers.

**Evidence warranted jury finding that defendant was liable.**

2. Although the person by whom respondent was employed may not have had authority to enter into the contract in appellant's behalf, the evidence would warrant the jury in finding that respondent proceeded in good faith in the attempt to perform services for the appellant and that appellant was liable for his compensation.

1. See Master and Servant, 39 C. J. p. 53, § 33.
2. See Agency, 2 C. J. p. 954, § 726.

[1]Reported in 206 N. W. 442.

Action in the municipal court of Minneapolis to recover for services. The case was tried before Fosseen, J., and a jury which returned a verdict in favor of plaintiff. Defendant appealed from an order denying its motion for a new trial. Affirmed.

*Clarence A. Jones,* for appellant.

*M. A. Jordan,* for respondent.

LEES, C.

This action for wages was tried by jury and a verdict returned in plaintiff's favor. Defendant appealed from an order denying his alternative motion for judgment or a new trial.

Appellant's first point is that it never entered into a contract with respondent. There was evidence tending to show that one of appellant's customers was a man named Aassand, who had a retail store at Manfred, North Dakota; that Aassand needed the services of a collector; that respondent came to appellant's place of business seeking employment as a collector and that one O'Donnell, employed in appellant's credit department, conveyed this information to respondent and gave him a letter of introduction to Aassand; that respondent went to Manfred, presented the letter to Aassand, and remained at Manfred for about two months, but made no collections because Aassand failed to turn over the notes and accounts which were due him. These facts, according to appellant, demonstrate that it did not employ respondent and that Aassand alone is responsible for his compensation.

If believed by the jury, respondent's testimony warranted a finding that appellant was interested in Aassand's collections because he was indebted to appellant and his ability to pay depended upon his success in making collections; that appellant was respondent's real employer; that O'Donnell had hired him and had promised to pay him $125 a month for his services at Manfred.

Appellant's second point is that O'Donnell had no authority to employ respondent and, if he attempted to employ him, his act had not been ratified.

There is no evidence that O'Donnell had actual authority to hire respondent, or anyone else, on appellant's account, but there is evi-

dence that after the alleged employment appellant wrote two letters to respondent at Manfred. One states that appellant has directed Aassand to "take care of your wages and give you every opportunity to make collections for him; if he does not do so, please let us know at once." The other inquires as to respondent's success in making collections and informs him that Aassand must do what his creditors wish in the way of looking after his collections and that O'Donnell would be at Manfred and "try to straighten matters out." These letters, in conjunction with respondent's testimony, were sufficient to justify a finding that, even though O'Donnell had no actual authority to employ respondent, appellant had ratified what O'Donnell had assumed to do. Moreover, the jury might find from the evidence that, to the knowledge and with the assent of the appellant, respondent proceeded in good faith in an attempt to perform services for appellant in pursuance of the understanding he had with O'Donnell and in the belief that O'Donnell had authority to employ him. If he did this, appellant would be liable. Lapham v. Flint, 86 Minn. 376, 90 N. W. 780; Sinclair v. Investors Syndicate, 125 Minn. 311, 146 N. W. 1109; Confer Bros. Inc. v. Colbrath, 149 Minn. 259, 183 N. W. 524.

We pass by the other assignments of error. They are not argued in the brief, hence they are deemed to be waived.

Order affirmed.