Zimmerman, J.
 

 The following two reasons are advanced by counsel for the defendants as to why the judgment of the Court of Appeals should be reversed and final judgment rendered for the defendants:
 

 1. The paper writing relied on by plaintiff is an “ex-, elusive agency contract” and the defendants themselves were at liberty to sell their property at any time without becoming liable to the plaintiff for the payment of a commission.
 

 2. Such paper writing is no more than an offer to enter into a unilateral contract, imposing no obligation on the plaintiff to do anything; mutuality and consideration are therefore lacking and the defendants were not bound in any way prior to the time plaintiff actually produced a qualified purchaser for the property.
 

 We can agree with neither of these propositions.
 

 As to the first, it is a primary rule in the construction of contracts that the form or name the parties may give an instrument will not control its interpretation. 17 Corpus Juris Secundum, “Contracts,” 687,
 
 *169
 
 Section 294; 12 American Jurisprudence, 776, Section 242.
 

 Notwithstanding the instrument in issue is captioned “Exclusive Agency Contract,” it is expressly stipulated in the body thereof that the plaintiff is granted “the
 
 exclusive right
 
 for a period of ninety days from date hereof, to sell property” and “if the same
 
 is sold
 
 or exchanged during the term of your exclusive agency * * * I [the owner] agree to pay commission of 5
 
 Jo
 
 upon the price at which same may be sold or exchanged.” (Italics ours.)
 

 Many of the cases draw a clear-cut distinction between agreements providing merely for “exclusive agencies” to sell property and those which grant the “exclusive right” to sell. Where the particular agreement grants only an exclusive agency to another, the owner may sell his property (to one not produced by the agent) without liability to the agent for the payment of a commission; but where the agreement grants the exclusive right to sell, coupled with a promise to pay a commission in the event a sale is made, the owner may not sell to any person during the life- of the agreement, whether produced by the agent or not, without incurring liability to the agent for the payment of the commission stated in the agreement.
 
 Walter
 
 v.
 
 Libby,
 
 72 Cal. App. (2d), 138, 164 P. (2d), 21;
 
 Harris v. McPherson,
 
 97 Conn., 164, 115 A., 723, 24 A. L. R., 1530;
 
 Boggess Realty Co.
 
 v.
 
 Miller,
 
 227 Ky., 813, 14 S. W. (2d), 140;
 
 Smith
 
 v.
 
 Preiss,
 
 117 Minn., 392, 136 N. W., 7, Ann. Cas. 1913 D, 820;
 
 Martin Realty Co.
 
 v.
 
 Fletcher,
 
 103 N. J. Law, 294, 136 A., 498;
 
 Lewis
 
 v.
 
 Smith
 
 (Tex. Civ. App.), 198 S. W. (2d), 598; 12 Corpus Juris Secundum, “Brokers,” 219, Section 94; 2 Restatement of Agency, 1058, Section 449, comment b.
 

 It is flatly announced in the opinion in the case of
 
 Turner
 
 v.
 
 Baker,
 
 225 Pa., 359, 362, 74 A., 172, 173,
 
 *170
 
 that “If ail owner of real estate chooses to make a contract with a broker in which it is stipulated that the broker shall have the exclusive right to sell - the property within a specified time and that he shall be entitled to receive a certain commission if a sale be made within the time designated, no matter who makes it, he is bound by its terms and cannot be relieved from a bad bargain because his agreement may have been foolish or improvident.”
 

 In short, where an agent is given an exclusive right to sell property, as distinguished from an exclusive agtíncy, he is entitled to the ag’reed commission when a sale is made by the owner, and it is .immaterial that he was not the procuring cause thereof.
 

 A number of cases hold that even an exclusive agency granted for a specified time, under which the agent has furnished consideration, will render the owner liable to the agent for á commission, if the owner himself sells the property during the period specified. 8 American Jurisprudence, 1015, Section 57; 1 Williston on Contracts (Revised Ed.), 168, Section 60A, note 2.
 

 Even in face of the rule that an agreement of agency for the sale of property should be construed, if possible, to give the owner himself the right to sell his property without incurring liability for the payment of a commission
 
 (Hedges Co.
 
 v.
 
 Shanahan,
 
 195 Ia., 1302, 190 N. W., 957;
 
 Sunnyside Land & Investment Co.
 
 v.
 
 Bernier,
 
 119 Wash., 386, 205 P., 1041, 20 A. L. R., 1261), we cannot escape the conclusion that the agreement in question here gave • plaintiff, for a period of ninety days from the date thereof, not only an “exclusive agency” but the “exclusive right” to sell the defendants’ property, and that plaintiff became entitled to the commission stated if the property was sold by anyone during that period,
 
 provided
 
 there was a sufficient consideration to support the agreement.
 

 
 *171
 
 This brings ns to the second proposition urged by counsel for the defendants.
 

 As a preface to the discussion which follows, it is to be borne in mind that the sole question now before the court is whether the plaintiff has stated a good cause of action in her petition.
 

 The instrument before us begins with the statement, “In consideration of your agreement to use your efforts in finding a purchaser for my property,” etc. Plaintiff in her petition alleges that “she made diligent effort to sell said real estate covered by aforesaid written contract and has performed all of the acts which she agreed to perform under the terms of said contract.”
 

 With reference to the subject of “Unilateral Contracts,” it is stated in 9 Ohio Jurisprudence, 239, Section 5, that “The contract does not come into existence until one party to it has done all that is necessary on his part; it is performance by one party which makes obligatory the promise of the other.”
 

 Conceding that at the time the “contract” was signed and accepted it was a mere
 
 nudum pactum,
 
 when plaintiff exerted her efforts to find a purchaser for the property, consideration was supplied, the promisor became bound by the commitments he had made and a contract came into existence, enforceable by the plaintiff.
 

 Although the reasoning is not always the same, most of the cases dealing with the subject hold that where a real estate agent, under the type of instrument involved in the instant case, has expended time, effort or money in attempting to secure a purchaser for the property, the consideration is supplied make a binding and enforceable contract.
 
 Hughes
 
 v.
 
 Bickley,
 
 205 Ala., 619, 89 So., 33;
 
 Kimmell
 
 v.
 
 Skelly,
 
 130 Cal., 555, 62 P., 1067;
 
 Hayes
 
 v.
 
 Clark,
 
 95 Conn., 510,
 
 *172
 
 111 A., 781;
 
 Harris
 
 v.
 
 McPherson, supra; Lapham
 
 v.
 
 Flint,
 
 86 Minn., 376, 90 N. W., 780;
 
 Confer Bros., Inc.,
 
 v.
 
 Colbrath,
 
 149 Minn., 259, 183 N. W., 524; Jones v.
 
 Hollander,
 
 3 N. J. M., 973, 130 A., 451;
 
 Morris
 
 v.
 
 Bragg,
 
 155 Va., 912, 156 S. E., 381;
 
 Gunning
 
 v.
 
 Muller,
 
 118 Wash., 685, 204 P., 779;
 
 Greene
 
 v.
 
 Minn Billiard Co.,
 
 170 Wis., 597, 176 N. W., 239. Compare, 1 Restatement of Contracts, 53, Section 45.
 

 If service only is contracted for and such service is performed, the necessary consideration is furnished to support the contract, irrespective of results.
 
 Gonte
 
 v.
 
 Rosenberg,
 
 221 Mich., 283, 288, 191 N. W., 198, 199.
 

 We believe the above principles to be sound and we are in agreement with them.
 

 Counsel for the defendants in urging their second proposition rely on the cases of
 
 Brenner
 
 v.
 
 Spiegle,
 
 116 Ohio St., 631, 636, 157 N. E., 491, 493, and
 
 Bretz
 
 v.
 
 Union Central Life Ins. Co.,
 
 134 Ohio St., 171, 16 N. E. (2d), 272.
 

 ■ In the former, the writer of the opinion expressed the view by way of
 
 dictum
 
 that where an owner of land gives a real estate broker a naked authority to sell it within a specified time, no contract is formed and the authority may be revoked at any time before the broker procures a purchaser.
 

 In the latter, a majority of the court determined on the particular facts presented that there was an unaccepted offer to enter into a unilateral contract— that the things done by the offeree were but preparatory to performance “and in no sense constituted fulfillment, substantially or otherwise, of the conditions imposed by the offer.”
 

 The two cases last cited are distinguishable from the one at bar. Here, the act required of the plaintiff was to use her “efforts in finding a purchaser for my property.” If she actually did that, as she alleges
 
 *173
 
 she did, she complied with her promise and the promisor became obligated to comply with his. See 4 Williston on Contracts (Rev. Ed.), 2876-2880, Section 1030A.
 

 Again, it is to be remembered that this decision is based wholly on the sufficiency of the petition as against a general demurrer.
 

 No error appearing in the judgment of the Court of Appeals, such judgment is affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Turner, Matthias, Hart, Sohngen and Stewart, JJ., concur.