## George P. VYE, Appellant,
### v.
## Worthington F. PARKER, Appellee.
### No. 11957.

United States Court of Appeals
Sixth Circuit.

Aug. 11, 1954.

Bruce Parkhill, Chicago, Ill., and Harry S. Manchester, Youngstown, Ohio, on brief, for appellant.

Ashley M. Van Duzer, Thomas A. Quintrell, Cleveland, Ohio, and Lewis L. Guarnieri, Warren, Ohio, on brief, for appellee.

Before ALLEN and McALLISTER, Circuit Judges, and FORD, District Judge.

ALLEN, Circuit Judge.

In its petition for rehearing appellant for the first time cites and strongly relies upon the case of Bell v. Dimmerling,

149 Ohio St. 165, 78 N.E.2d 49, as requiring a different conclusion from that heretofore announced. The case has little, if any, bearing upon the present controversy. It involves a contract giving a real estate agent the exclusive right for a definite period to sell certain property. The Bell decision repeatedly stresses the legal effect of granting an exclusive right to sell. No such exclusive right was given to appellant. Moreover, the Bell case supra, 149 Ohio St. at page 172, 78 N.E. 2d at page 52, expressly distinguishes both Brenner v. Spiegle, 116 Ohio St. 631, 157 N.E. 491, and Bretz v. Union Central Life Insurance Co., 134 Ohio St. 171, 16 N.E.2d 272, 275, on the facts. As we read the Bretz case, cited for the first time upon this petition for rehearing, it supports our holding. There the Supreme Court of Ohio determined that the things done by appellee "in no sense constituted fulfillment, substantially or otherwise, of the condition imposed by the offer." This description applies precisely here.

The petition for rehearing is denied. 214 F.2d 73.