**HILL, Plaintiff-Appellee, v. MELVIN LOVE CONSTRUCTION COMPANY, Defendant-Appellant.**

Ohio Appeals, Tenth District, Franklin County.

No. 5703. Decided December 18, 1957.

Herbert, Tuttle, Applegate & Britt, Thomas W. Applegate, C. Richard O'Neil, of Counsel, Columbus, for plaintiff-appellee.

W. Robinson Watters, Columbus, for defendant-appellant.

## OPINION

By PETREE, PJ.

This is an appeal on questions of law from a judgment of the Common Pleas Court in which defendant, appellant herein, makes the following assignments of error:

1. The Court of Common Pleas committed error in refusing to interpret the contract so as to allow the owner-corporation the right to sell its property to anyone with whom the broker had not negotiated without liability to the broker for a commission.

2. The Court of Common Pleas committed error in failing to apply the fundamental rule of construction that where the provisions of a

contract may be reasonably interpreted more than one way, the provisions, as a matter of law, must be strictly construed against the party who drew it or had it prepared, and in favor of the party who took no part in its preparation or in the selection of its language.

The Common Pleas Court gave judgment for plaintiff, appellee herein, in the amount of $975.00. Appellant did not file a bill of exceptions in this court and, therefore, the errors, if any, would be limited to those exhibited by the transcript of the docket, journal entries, and judgment entry. The judgment entry contained a copy of the contract in question together with the findings of facts upon which the judgment was rendered.

The lower court filed a written opinion in the case which sets out at some length the questions involved and the facts and law upon which its judgment was based.

The contention of the appellant in its second assignment of error is not sustained by the facts. There was no bill of exceptions, and neither the findings of facts nor the lower court's opinion shows who prepared the contract. Without proof we cannot assume who prepared the same; so the appellant has failed utterly to substantiate the second assignment of error. This is true regardless of the soundness of the law cited in support thereof.

We have reviewed the briefs of the parties herein; and upon a consideration of the same, the arguments of counsel, and the written findings of facts and opinion of the trial court, we find that the assignments of error of the appellant herein are not well taken. The judgment of the trial court will, therefore, be affirmed.

Judgment affirmed.

BRYANT and MILLER, JJ, concur.

HILL, Plaintiff-Appellee, v. MELVIN LOVE CONSTRUCTION COMPANY, Defendant-Appellant.

No. 5703.   Decided February 25, 1958.

**OPINION**

By PETREE, PJ.

Application for rehearing was filed herein on January 30, 1958. This case was decided on its merits on December 18, 1957, on questions of law from the judgment of the Common Pleas Court of Franklin County.

Inasmuch as the Common Pleas Court stated sufficient reasons, in our opinion, upon which to base its judgment, the application for rehearing will be overruled. The judgment allowed a five per cent commission based upon a sale price of $19,500.00, which sale was made within ten days after the contract giving plaintiff, Mildred J. Hill, the exclusive right, during a period of ninety days from March 8, 1954, to sell the property in question. The court found that said property was sold on March 18, 1954. No question arises in this case as to a sale within three months after the expiration of the date of the contract.

We feel that the trial court was justified in its judgment, which followed the holding of the Supreme Court of Ohio in **Bell v. Dimmerling, 149 Oh St 165.**

Motion for rehearing will be denied.

BRYANT and MILLER, JJ, concur.