**ARTHUR H. RICHLAND COMPANY,**
Appellant,

v.

**Edward A. HARPER and Rose B. Harper,**
Appellees.

No. 19125.

United States Court of Appeals
Fifth Circuit.

April 27, 1962.

tortuous thing. How a standard so simply expressed, so often repeated, is apparently so often overlooked without even so much as a deferential mention of it is hard to understand. Although it seems now to be an affectation, we repeat it again, though citation of case names as a shorthand symbol of the principle ought to be enough. We have phrased it and rephrased it in these terms. " ' * * a motion to dismiss for failure to state a claim should not be granted unless it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of his claim * * *,' Des Isles v. Evans, 5 Cir., 200 F.2d 614, 615," Millet v. Godchaux Sugars, Inc., 5 Cir., 1957, 241 F.2d 264, 265. And within the very recent past the Supreme Court, which seldom has to deal with matters this close to mere procedure, has put its full approval on this approach. " * * * [T]he Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. To the contrary, all the Rules require is 'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests * * *," Conley v. Gibson, 1957, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80. See also Smoot v. State Farm Mutual Auto Ins. Co., 5 Cir., 1962, 299 F.2d 525.

■■ So it is here. The complaint was for the recovery of a 5% commission for the sale of an Ohio business. As the business was not sold to a purchaser procured by plaintiff-appellant, his claim rested on the Ohio-approved doctrine of the grant of an exclusive *right* to sell, rather than a mere exclusive *agency* to sell. The distinction is recognized by Ohio in a case urged by both parties. Bell v. Dimmerling, 1948, 149 Ohio St. 165, 78 N.E.2d 49. If the contract grants a mere exclusive agency, the broker is entitled to no commission if the sale is procured by the owner, whereas if it is an exclusive right to sell, this comprehends any sales whether procured by the broker or owner.

Howard R. Hirsch, Miami, Fla., for appellant.

Norman C. Roettger, Jr., Fort Lauderdale, Fla., for appellees.

Before TUTTLE, Chief Judge, and BROWN and BELL, Circuit Judges.

JOHN R. BROWN, Circuit Judge.

■ This is another case proving that final disposition of a civil action on the basis of bare bones pleadings is a

With a precision now seldom seen, or perhaps for that matter required under F.R.Civ.P. rule 8(a), 28 U.S.C.A., this complaint spells this out in the plainest of terms. "In * * * August 1957, plaintiff * * * and defendants entered into an oral agreement whereby * * * defendants employed plaintiff to procure a purchaser * * *. [The] plaintiff was to act as the sole and exclusive agent for * * * [renewable periods of 90 days subject to 30-day notice of cancellation] * * * [and] defendants * * * agreed to refer all prospective purchasers * * * to plaintiff, thus granting to plaintiff the exclusive right to sell the properties * * * and * * * agreed to pay to plaintiff as * * * compensation * * * (5%) of the total consideration to be received by them from any sale or transfer of * * * said business * * * negotiated or procured by plaintiff, * * * defendants or any other person during existence of the exclusive agency aforesaid."

Apparently under the spell of local state practice (see Moritt v. Fine, 5 Cir., 1957, 242 F.2d 128, 132, n. 2, dissent), the defendant-appellees in support of the dismissal for failure to state a claim now assert that this was a mere conclusion of the pleader. In less austere language they state that this complaint could well be "described as a 'bucketful of steam * * * its allegations are billowing vapor, without substance * *.'"

 But we repeat again and again and again: this is not the test. Whether this is all steam, or whether there is some substance depends on the proof offered either on a trial or on a motion for summary judgment demonstrating that there is no genuine controversy as to this critical, decisive issue under applicable legal principles. Carss v. Outboard Marine Corp., 5 Cir., 1958, 252 F.2d 690; Camilla Cotton Oil Co. v. Spencer Kellogg and Sons, Inc., 5 Cir., 1958, 257 F.2d 162; Braniff v. Jackson Ave.-Gretna Ferry, Inc., 5 Cir., 1960, 280 F.2d 523.

Thus with another year and a half lost, this case with an evident run-of-the-mill factual controversy goes back to begin the process of determining what the facts are, not what the lawyers say they are.

Reversed and remanded.