Mary Alice **FIRESTONE**, Appellant,

v.

**TIME, INC.**, Appellee.

No. 24562.

United States Court of Appeals
Fifth Circuit.

July 31, 1969.

Joseph D. Farish, Joseph D. Farish, Jr., Farish & Farish, West Palm Beach, Fla., for appellant.

William S. Frates, Miami, Fla., Harold R. Medina, Jr., New York City, Larry S. Stewart, Miami, Fla., for appellee.

Before WISDOM and CARSWELL, Circuit Judges, and ROBERTS, District Judge.

PER CURIAM:

Appellant-plaintiff sued appellee-defendant for libel in Florida state court. The case was removed to the District Court on the basis of diversity of citizenship. Thereafter the complaint was dismissed with leave to amend because appellant had failed to allege special damages. Appellant then filed an amended complaint alleging libel and invasion of privacy. The district court dismissed the amended complaint, again with leave to amend. Appellant declined to plead over and final judgment was entered against her. We reverse.

This Court has consistently held, as stated by Chief Judge Brown in Arthur H. Richland Company v. Harper, 302 F. 2d 324, 325 (5th Cir.1962), that:

"'* * * a motion to dismiss for failure to state a claim should not be granted unless it appears *to a certainty* that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of his claim * * *,' Des Isles v. Ev-

ans, 5 Cir., 200 F.2d 614, 615," (Emphasis added.)

The allegedly libelous matter appeared in a feature story in appellee's publication, Life magazine, on May 20, 1966, dealing with electronic eavesdropping. The story contained a picture of appellant, her estranged husband and Jack Harwood, with the following caption:

TWO-WAY SNOOP. In Florida, where electronic eavesdropping is frequently employed in divorce suits, private eyes like Jack Harwood of Palm Beach shown above with some of his gear, do a thriving business. Harwood, who boasts, "I'm a fantastic wire man," was hired by tire heir Russell Firestone to keep tabs on his estranged wife, Mary Alice. * * * She in turn got one of Harwood's assistants to sell out and work for her and, says Harwood, "He plays just as rough with the bugs as I do." * * * A court recently ordered Russell and Mary to stop spying on each other.

Appellant's amended complaint alleged, inter alia: (1) Appellant was injured in "her personal relations and reputation in the community;" (2) Harwood's unnamed assistant's credibility as a witness in the pending divorce action was damaged; (3) the article falsely implied that appellant was guilty of bribery and was "inciting to commit perjury;" (4) appellant had been injured in her pending marital litigation. Appellant further alleged that appellee's article was both false and malicious.

■ Appellant contends that the amended complaint states a sufficient claim of libel both per se and per quod under applicable Florida law. The primary difference between libel per se and per quod lies in the "proof of the resulting injury," the latter requiring proof of special damages or injury. Campbell v. Jacksonville Kennel Club, 66 So.2d 495, 497 (Fla.1953). We are of the opinion that appellant's allegations of injury to her pending marital litigation constitute allegations of "special damages" for libel per quod which are sufficient to withstand a motion to dismiss. While it may be difficult indeed to prove these damages, we are not convinced that they are so speculative that she could not prove them under any circumstances.

Appellant's contention that the amended complaint states a sufficient claim for libel per se is based upon Florida decisions holding that an oral or written communication which, even though aided by inducement, colloquium or innuendo, imputes to another a criminal offense amounting to a felony, constitutes libel per se. Campbell v. Jacksonville Kennel Club, supra. Appellant pled that the article's statement, "She in turn got one of Harwood's assistants to sell out and work for her," implied that appellant both invited and procured the commission of perjury in violation of § 837.04, Florida Statutes, F.S.A., Inciting to Commit Perjury, when the proper innuendo is supplied.

■ As in the case of the special damages in the claim of libel per quod, the innuendo necessary to make the words actionable per se is subject to proof. Again, and perhaps even more so in this instance the plaintiff's journey from *allegata* to *probata* may well be a hard one, but she is entitled to make the effort however illusory the destination may be in face of her contentions of innuendo. This holding merely reinstates the complaint and in no way restricts the trial court in its procedures for the development of the proof indispensable to appellant's cause of action.

Reversed and remanded for further disposition not inconsistent with this opinion.