DiSALLE REAL ESTATE COMPANY, Appellant,

v.

HOWELL et al., Appellees.

[Cite as *DiSalle Real Estate Co. v. Howell* (1996), 117 Ohio App.3d 113.]

Court of Appeals of Ohio,
Third District, Crawford County.

No. 3–96–20.

Decided Dec. 26, 1996.

**114**

*Edward L. Kurek*, for appellant.

*Thomas G. Widman*, for appellees.

SHAW, Judge.

Plaintiff-appellant, DiSalle Real Estate Company, appeals from the decision of the Common Pleas Court of Crawford County granting summary judgment in favor of the defendants-appellees, Gene S. and Bonnie Howell, as to its complaint for breach of contract.

On July 21, 1995,[1] the Howells executed a "listing agreement" that provided that in consideration of appellant's efforts to secure a purchaser, appellant was granted the "sole" and "exclusive right to sell" their campground until October 30, 1995. The agreement provided for a ten percent commission to be paid "for producing a ready, willing, and able buyer, no later than closing." Should the

---

1. We note that the real estate agent/broker dated the listing agreement July 27, 1995 and that the Howells dated it July 21. In the real estate agent/broker's affidavit, he stated that he had mistakenly dated the agreement and that the signing date was July 21, 1995. For purposes of summary judgment, the trial court used that date.

property be sold within twelve months after the term of this listing to a prospect originally secured by appellant, the Howells agreed to the payment of the commission. It is undisputed that the parties added a handwritten clause below the signature lines that provided as follows: "Reserve buyer to close deal within 30 days Bill and Sharon Booher."

The Howells subsequently sold their campground to the Boohers. Appellant filed this suit against the Howells to recover its commission allegedly owed from that sale because the closing occurred after the expiration of the thirty-day reservation clause in appellant's exclusive listing contract for the property. The mortgage and deed transferring the property were dated August 31, 1995, which was just several days later. Both parties filed a motion for summary judgment, and the trial court granted the Howells' motion.

Appellant now appeals from the trial court's decision and, for its sole assignment of error, appellant asserts:

"An 'exclusive right to sell' contract gives a realtor the 'sole' and 'exclusive right to sell' the subject property during its existence, and the realtor is entitled to its commission if said property is sold during the life of the contract."

Summary judgment is proper if there is no genuine issue as to any material fact, the moving party is entitled to judgment as a matter of law, and reasonable minds can reach only a conclusion adverse to the party opposing the motion, construing the evidence most strongly in his favor. *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 66, 8 O.O.3d 73, 74, 375 N.E.2d 46, 47; Civ.R. 56(C).

Appellant claims that since the Howells executed an "exclusive right to sell" agreement with appellant to sell their property, they were obligated to pay the broker's commission if their sale was not closed within thirty days of the expiration of the clause. On the other hand, the Howells maintain that it is an exclusive agency agreement and, therefore, appellant was not entitled to a commission unless it had actually secured a purchaser.

Under an exclusive agency agreement, the seller grants the broker the right to sell and obtain a commission to the exclusion of all other brokers, but the seller reserves the right to sell the property himself without incurring an obligation to pay the broker's commission. *Dohner v. Bailey* (1984), 20 Ohio App.3d 181, 183, 20 OBR 225, 227, 485 N.E.2d 727, 730. "Thus, a condition precedent to the broker's entitlement to his commission is that he be the procuring cause of the sale." *Id.*

An agreement for an exclusive right to sell differs in that the seller gives the broker the right to sell for the period of the contract even to the exclusion of

the seller himself. *Id.* Thus, if the property is sold during the term of the agreement, the broker would be entitled to his commission regardless of whether he brought about the sale. *Id.* "The rationale of such a distinction appears to rest upon the premise the owner/seller agreed to compensate the broker for his efforts in attempting to procure a purchaser." *Id.*

In *Bell v. Dimmerling* (1948), 149 Ohio St. 165, 36 O.O. 505, 78 N.E.2d 49, the court in its syllabus stated:

"A written instrument, signed by the owner of real estate and accepted by a licensed real estate agent, which provides in substance that in consideration of the agreement of the agent to use his efforts to find a purchaser for such real estate he shall have the exclusive right for a specified time to sell the same and if the same is sold during such time the owner will pay a stated commission, becomes a contract binding ·on the owner when the agent does in fact use his efforts to find a purchaser, and if the owner sells the property during the time specified, he is liable to the agent for the payment of the stated commission."

In other words, "where the agreement grants the exclusive right to sell, coupled with a promise to pay a commission in the event a sale is made, the owner may not sell to any person during the life of the agreement, whether produced by the agent or not, without incurring liability to the agent for the payment of the commission stated in the agreement." *Bell* at 169, 36 O.O. at 506, 78 N.E.2d at 51.

The language of the agreement in dispute does not appear to be similar to that in other cases wherein the courts have found an exclusive right to sell rather than a mere exclusive agency. In particular, the agreement in *Bell* provided that the broker was granted " 'the *exclusive right* for a period of ninety days from date hereof, to sell property' and 'if the same *is sold* or exchanged during the term of your exclusive agency * * * I [the owner] agree to pay commission of 5% upon the price at which same may be sold or exchanged.' " (Emphasis *sic.*) *Id.* at 169, 36 O.O. at 506, 78 N.E.2d at 51.

In *Dohner, supra,* the court found that similar language clearly indicated that the contract gave an exclusive right to sell:

"In consideration of your agreement to use your *efforts* in securing a purchaser for the above described property, I/we hereby grant you the sole and exclusive right, for a period of *one year* (365 days) from the above date * * * to sell the above described property and/or business; * * *

"If you are successful in securing a Purchaser for my/our property and/or business, or if the same is sold or exchanged during the term of your exclusive agency, or within one year thereafter, to anyone having had negotiated with you *or with me/us* or with anyone else, directly or indirectly, with respect thereto

prior to the expiration of this agency, I/we agree to pay you for your services, upon demand, a commission at the rate of 10% of the sale or exchange value of said premises and/or business." (Emphasis *sic.*) *Id.* at 183–184, 20 OBR at 228, 485 N.E.2d at 730–731.

Last in *Cent. Realty Co. v. Clutter* (1980), 62 Ohio St.2d 411, 16 O.O.3d 441, 406 N.E.2d 515, the seller had entered into an exclusive listing contract with the broker, and the court determined that the following language in the contract did not bind the seller to pay the commission upon the sale by another broker within three months of the expiration of the listing:

"If you secure a purchaser for my property, or if the same is sold or exchanged during the term of this listing, or is sold within three months after the period of this listing to anyone with whom you have negotiated with respect to a sale during the period of this listing and of whom I have notice, I agree to pay you commission of 6% upon the price at which same may be sold or exchanged." *Id.* at 411, 16 O.O.3d at 441, 406 N.E.2d at 516.

In this case, the first clause of the agreement, which grants appellant the exclusive right to sell in consideration of its efforts to secure a purchaser, apparently supports an exclusive right to sell. However, the second provision seems more restrictive in that it requires that the broker secure a purchaser for the Howells' property to be entitled to his commission. Moreover, the agreement does not contain specific language to the effect that the Howells incur liability to pay the broker's commission even in case of their own sale.

As noted in *Bell, supra,* 149 Ohio St. at 170, 36 O.O. at 507, 78 N.E.2d at 51, "an agreement of agency for the sale of property should be construed, if possible, to give the owner himself the right to sell his property without incurring liability for the payment of a commission." Without explicit language placing liability on the Howells if they sell the property, contract law supports construing an ambiguity against the party that drafted the contract. See *Cent. Realty Co., supra,* 62 Ohio St.2d at 412–413, 16 O.O.3d at 441–443, 406 N.E.2d at 516–517.

In construing the agreement herein as a whole, we conclude that, as a matter of law, the appellant was not entitled to a commission upon the sale of the property by the Howells during the period of the listing agreement. Thus, the trial court properly granted the Howells' motion for summary judgment and denied appellant's motion. Accordingly, appellant's sole assignment of error is overruled and the judgment of the trial court is affirmed.

*Judgment affirmed.*

Evans and Thomas F. Bryant, JJ., concur.