[Cite as *Mulvey v. GuideOne Mut. Ins. Co.*, 2017-Ohio-7902.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Thomas J. Mulvey, | : | |
| Plaintiff-Appellant, | : | |
| | : | No. 17AP-47 |
| v. | : | (C.P.C. No. 15CV-10595) |
| GuideOne Mutual Insurance Company et al., | : | (REGULAR CALENDAR) |
| | : | |
| Defendants-Appellees. | : | |
| | : | |

D E C I S I O N

Rendered on September 28, 2017

**On brief:** *Curry, Roby & Mulvey Co., LLC*, and *Thomas J. Mulvey*, pro se. **Argued:** *Thomas J. Mulvey.*

**On brief:** *Emily D. Smith*, for appellees. **Argued:** *Emily D. Smith.*

APPEAL from the Franklin County Court of Common Pleas

DORRIAN, J.

{¶ 1} Plaintiff-appellant, Thomas J. Mulvey, appeals from a judgment of the Franklin County Court of Common Pleas granting summary judgment in favor of defendants-appellees GuideOne Mutual Insurance Company, GuideOne America Insurance Company, GuideOne Specialty Mutual Insurance Company, GuideOne Elite Insurance Company, and GuideOne Services, L.L.C. (collectively "GuideOne").

I. Facts and Procedural History

{¶ 2} Mulvey began this action with a complaint seeking payment of severance benefits arising from termination of his employment with GuideOne in November 2002. The complaint sets forth claims for breach of written contract, unjust enrichment, quasi-contract, and detrimental reliance.

{¶ 3}   The parties filed cross-motions for summary judgment and the trial court granted summary judgment in favor of GuideOne.  Based on the evidence presented in support of and in opposition to summary judgment, the court concluded there remained no genuine issue of material fact because there was no written contract between the parties, the quasi-contract and unjust enrichment claims were time barred, and Ohio does not recognize an independent action for "detrimental reliance," which is merely an element of actions for quasi-contract or promissory estoppel.

## II.  Assignments of Error

{¶ 4}   Appellant appeals and asserts the following two assignments of error for our review:

> [I.] The Trial Court erred when it granted the Motion for Summary Judgment filed by Defendant-Appellee GuideOne Mutual Insurance Company by determining as a matter of law Thomas J. Mulvey was not entitled to severance pay.
>
> [II.] The Trial Court erred when it denied the Motion for Summary Judgment filed by Plaintiff-Appellant for the breach of contract claim.

Appellant's two assignments of error present identical issues and will be addressed together.

## III.  Discussion

{¶ 5}   The trial court decided this matter by summary judgment, which under Civ.R. 56(C) may be granted only when there remains no genuine issue of material fact, the moving party is entitled to judgment as a matter of law, and reasonable minds can come to but one conclusion, that conclusion being adverse to the party opposing the motion.  *Tokles & Son, Inc. v. Midwestern Indemn. Co.*, 65 Ohio St.3d 621, 629 (1992), citing *Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64 (1978).  The moving party cannot discharge its burden under Civ.R. 56 simply by making conclusory assertions that the non-moving party has no evidence to prove its case.  *Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996).  Rather, the moving party must point to some evidence that affirmatively demonstrates the non-moving party has no evidence to support each element of the stated claims.  *Id.*  "A plaintiff or counterclaimant moving for summary judgment does not bear

the initial burden of addressing the nonmoving party's affirmative defenses." *Todd Dev. Co., Inc. v. Morgan*, 116 Ohio St.3d 461, 2008-Ohio-87, syllabus.

{¶ 6} An appellate court's review of summary judgment is de novo. *Hudson v. Petrosurance, Inc.*, 127 Ohio St.3d 54, 2010-Ohio-4505, ¶ 29. Thus, we conduct an independent review of the record and stand in the shoes of the trial court. *Abrams v. Worthington*, 169 Ohio App.3d 94, 2006-Ohio-5516, ¶ 11 (10th Dist). Our review grants no deference to the trial court's determination. *Zurz v. 770 West Broad AGA, L.L.C.*, 192 Ohio App.3d 521, 2011-Ohio-832, ¶ 5 (10th Dist.); *White v. Westfall*, 183 Ohio App.3d 807, 2009-Ohio-4490, ¶ 6 (10th Dist.). As such, we have the authority to overrule a trial court's judgment if the record does not support any of the grounds raised by the movant, even if the trial court failed to consider those grounds. *Bard v. Soc. Natl. Bank*, 10th Dist. No. 97APE11-1497 (Sept. 10, 1998).

{¶ 7} While denial of summary judgment is usually not a final appealable order, we may address and rule on such a denial when the trial court has entered final judgment in the matter and the case turns on undisputed facts and purely legal questions. *Holdren v. Garrett*, 10th Dist. No. 09AP-1153, 2011-Ohio-1095, ¶ 13; *see also Morgan* at ¶ 16 (approving grant of summary judgment in favor of non-moving party).

{¶ 8} The undisputed facts generally establish that Mulvey initially worked for PSIC, a company that GuideOne purchased and absorbed by January 2000, at which time Mulvey became an employee of GuideOne. (Mulvey received a certificate in 2002 marking his 15 years of employment with GuideOne; this manifestly included his previous service with PSIC.)

{¶ 9} GuideOne soon decided to divest itself of certain business units, including the activities arising from its recent acquisition of PSIC. In August 2000, GuideOne posted for employees a document entitled "GuideOne Insurance Severance Pay Policy In The Event Of Qualifying Job Eliminations." (Aug. 31, 2016 Mulvey Mot. for Sum. Jgmt. at Ex. 3.) This document provided that, in the event of job eliminations within the company, "affected employees who are terminated as a result of job elimination may qualify for severance pay and benefits continuation." (Aug. 31, 2016 Mulvey Mot. for Sum. Jgmt. at Ex. 3.) "Qualified" employees were required to execute a release before receiving their severance payments. A schedule appended to the policy announcement provided for

severance payments in the amount of two or more weeks of pay per year of service, depending on employee grade and classification.

{¶ 10} Mulvey's deposition testimony and affidavit in support of summary judgment alleged that, in reliance on the posted severance policy,[1] he remained an employee through a period of company contraction until November 29, 2002, at which time he was terminated without severance pay. Mulvey does not dispute that no written and signed severance agreement or release was executed between the parties.

{¶ 11} The stated reason for the company's denial of severance was that Mulvey could have accepted an equivalent position with the company that acquired his PSIC employment group from GuideOne. Shortly after termination, Mulvey wrote to his former employer to protest the lack of severance pay. He denied that he received an offer of comparable employment from the acquirer, which had only offered him a position of lesser responsibility and requiring more travel. He asserted that the posted severance policy contained no such restriction on eligibility for severance benefits, and that another similarly situated GuideOne employee had eventually been offered severance benefits despite her rejection of an offer from the PSIC group acquirer. The company declined to revisit the severance issue for Mulvey.

{¶ 12} We first consider whether the severance policy constituted a binding written contract offered to certain GuideOne employees. Because Mulvey did not provide express assent to the terms of the severance policy by signature or otherwise, the contract, if formed, is in the form of a unilateral contract, which typically involves an offer made by a party which invites acceptance by performance rather than by a reciprocal promise to perform. *Bell v. Dimmerling*, 149 Ohio St. 165, 171 (1948); *Precision Concepts Corp. v. Gen. Emp. & Triad Personnel Servs.*, 10th Dist. No. 00AP-43 (July 25, 2000); *Harwood v. Avaya Corp.*, U.S.D.C. No. C2-05-828 (May 25, 2007).

{¶ 13} When a company posts or otherwise disseminates to employees a written, formal employment policy, a unilateral contract may result: "Ohio regards an employer's promulgation of employment manuals, employee handbooks or other writings, styled 'personnel policies and practices,' as giving rise to rights enforceable in contract, if the

---

[1] It appears that GuideOne also offered, and Mulvey accepted, a separate "retention bonus" offered to certain employees to encourage them to stay on in positions affected by cutbacks. This bonus operated independently of the severance policy and does not affect our analysis thereof.

necessary elements reasonably appear from the facts." *Barron v. Vision Serv. Plan*, 575 F.Supp.2d 825, 832 (N.D.Ohio 2008). As with other contracts, the elements of such a unilateral employment contract include an offer, an acceptance, contractual capacity, consideration in the form of bargained-for benefit or detriment, a manifestation of mutual assent, and legality of purpose. *Lake Land Emp. Group of Akron, L.L.C. v. Columber*, 101 Ohio St.3d 242, 2004-Ohio-786, ¶ 14 (enforcing a non-competition agreement in favor of former employer).

{¶ 14} Severance pay is one permissible term of such contracts: "[The employer's] offer of severance pay precipitated the formation of a unilateral contract, and acceptance was effective when appellants remained with Landmark after learning of the new severance policy. * * * For purposes of consideration, the employee's retention of his position and continued performance of his work suffice to render the new condition of severance pay enforceable." *Helle v. Landmark, Inc.*, 15 Ohio App.3d 1, 10-11 (6th Dist.1984).

{¶ 15} Questions regarding the existence of a contract and its meaning are questions of law subject to de novo review on appeal. *Saunders v. Mortensen*, 101 Ohio St.3d 86, 2004-Ohio-24, ¶ 9. In the present case, the terms of the contract must be drawn from the posted severance policy. When construing the terms of a written contract, the court's objective is to give effect to the intent of the parties, which is presumed to rest in the language the parties chose to employ. Common words appearing in a written instrument will be given their ordinary meaning unless manifest absurdity results. *Alexander v. Buckeye Pipeline, Co.,* 53 Ohio St.2d 241 (1978), paragraph two of the syllabus. Where the terms are clear and unambiguous, the court need not go beyond the plain language of the contract in order to ascertain the rights and obligations of the parties. *Aultman Hosp. Assn. v. Community Mut. Ins. Co.*, 46 Ohio St.3d 51, 53 (1989).

{¶ 16} GuideOne's severance policy posted in 2000 provided in pertinent part as follows:

> From time to time, GuideOne Insurance must eliminate job positions for a number of reasons. The Company also attempts to minimize the impact of job eliminations by transferring qualified employees where possible to available positions. If it is not possible to preserve employment, affected employees who are terminated as a result of job

elimination may qualify for severance pay and benefits continuation.

**Retention of "Qualified" employees**

Employees are generally deemed "qualified" for the purpose of this policy if (1) overall performance including (but not limited to) attendance, motivation, work qualify and level of production, are evaluated as at least "competent" on the Company's performance review system, and (2) the employee is not currently subject to a probationary or disciplinary situation.  The employee also must be "qualified" to perform in an open position as determined in accordance with this policy.  (Employees are considered "qualified" for a position if their education, training and job performance meet the minimum standards for the new position.)  The Human Resources Department will consider affected employees for alternative positions according to the following guidelines, generally in the order listed:

1.  Placement in a position of similar rating within the same section or department.

2. Placement in a position of similar rating in another section or department of the Company.

3. If no position of similar rating for which the employee is qualified is available, the employee will be considered for lower rated positions for which they are qualified in the same order of same department and then other departments as described above.

4. If no suitable position is available, the employee will be terminated and the severance policy will then be made available.

As with other positions offered by the Company, the affected employee may accept or reject any offer.  If the job offer is declined the employee will be eligible for severance.

* * *

**Severance Agreement and General Release signed before payment of benefits**

All employees qualifying for benefits under this policy must sign a severance agreement and general release as a

> condition to, and in consideration for, receiving any severance benefits under this policy.
>
> **Sale or transfer of assets**
>
> No severance payment will be made in connection with the sale or transfer of assets or of a subsidiary where an employee(s) continue to work without interruption for a new employer.

{¶ 17} The trial court did not expressly decide that this policy could not constitute a written, unilateral contract offer that Mulvey could accept through performance. The court held in the alternative that, even if the policy were sufficiently definite to constitute a contractual offer, Mulvey had failed to satisfy a condition precedent because he did not execute the requisite release to claim severance benefits. We disagree with the conclusion of the trial court and reverse both the grant of summary judgment in favor of GuideOne and the denial of summary judgment for Mulvey.

{¶ 18} First, we hold that the posted policy is sufficiently definite in its terms to constitute a contractual offer. The policy sets clearly defined parameters for employee eligibility and scope of benefits. In particular, the use of the term "may" does not indicate that the policy is discretionary, but only indicates that not all employees will meet the precisely defined terms for eligibility. The identity of the contracting parties and the consideration offered are clear, as is the manner of acceptance. "Qualifying employees" could therefore effect an acceptance-through-performance of this unilateral contract offer by continuing employment until terminated, thereby binding the employer to its contractual promise. *See generally Barron* and *Helle.*

{¶ 19} Next, we conclude that Mulvey was a "qualifying employee" under the policy. The policy addresses two distinct forms of job elimination: in-house reductions in company workforce, and separation of staff through sale of company assets or business units. The options for employees affected by the former include reassignment within the company, with the right to refuse the new position and take severance. For the latter, which is Mulvey's case, the policy differs in that it does not discuss reassignment within GuideOne, nor does it require GuideOne employees to accept offers to continue employment with the purchaser/acquirer of the assets/business.

{¶ 20} The policy regarding sale or transfer of assets merely states that no severance will be paid "where an employee continues to work without interruption for a new employer." It does not further restrict severance eligibility for those who might refuse employment with the acquiring company. The stated ground for refusing severance benefits for Mulvey was that he had refused such an offer from the new employer. Because the language of the policy does not restrict his right to severance benefits in this way, he was a "qualifying employee" and GuideOne has asserted no other impediment, such as poor performance ratings,[2] and he is entitled to severance.

{¶ 21} Finally, we conclude that execution of a severance agreement and release was not a condition precedent until GuideOne had triggered it by offering severance pay to Mulvey. A condition precedent is a condition that must be performed before obligations in a contract become effective. *Transtar Elec., Inc. v. A.E.M. Elec. Servs., Corp.*, 140 Ohio St.3d 193, 2014-Ohio-3095, ¶ 22. " 'Essentially, a condition precedent requires that an act must take place before a duty to perform a promise arises. If the condition is not fulfilled, the parties are excused from performing.' " *Corey v. Big Run Indus. Park, LLC*, 10th Dist. No. 09AP-176, 2009-Ohio-5129, ¶ 18, quoting *Atelier Dist. LLC v. Parking Co. of Am. Inc.*, 10th Dist. No. 07AP-87, 2007-Ohio-7138, ¶ 35.

{¶ 22} When a plaintiff brings an action conditioned upon the execution of a condition precedent, the complaint must expressly state that the condition precedent has been fulfilled. Civ.R. 9(C); *Natl. City Mtge. Co. v. Richards*, 182 Ohio App.3d 534, 2009-Ohio-2556 (10th Dist.). To determine whether the parties intended a condition precedent, we consider the language of the contract. *Atelier Dist.* at ¶ 35, citing *Mumaw v. W. & S. Life Ins. Co.*, 97 Ohio St. 1, 11 (1917).

{¶ 23} If the release was a condition precedent to benefits here, it was not one that had matured to excuse GuideOne from performance. In an October 17, 2000 information update, senior claims management informed GuideOne employees: "You will have 45 days, once you have received your Severance Agreement & Release, to sign the agreement

---

[2] We also note that GuideOne did not aver that it had modified, revoked, suspended, terminated, or changed the policy effective August 16, 2000. The final paragraph of that policy states: "This policy supersedes all previous policies related to job severance, job elimination or layoffs. The Company reserves the right to modify, revoke, suspend, terminate or change this policy, in whole or in part, at any time, with or without notice. The Senior Vice President or Assistant Vice President of Human Resources must approve any exceptions to this policy in writing."

and return it to us.  Once you have returned your executed Severance Agreement, it will be signed by the appropriate person and a copy will be sent to you, along with a letter of reference explaining that your job was eliminated due to a business restructure."  (Mulvey Depo., at Ex. 2.)  GuideOne never established that it sent Mulvey the severance agreement and release.  Therefore, Mulvey's not signing the release cannot be grounds at this time to deny severance.  In other words, there was a condition precedent to the condition precedent: Mulvey could hardly execute a release until the company declared him eligible, offered severance, and tendered a release for signature. It did not do this; therefore, Mulvey did not forfeit any rights under the policy in this way.

{¶ 24} In sum, we hold the trial court erred in granting summary judgment in favor of GuideOne on Mulvey's claim for breach of a written contract.  Mulvey himself was entitled to summary judgment on this claim.

## IV.  Conclusion

{¶ 25} In accordance with the foregoing, we overrule in part and sustain in part Mulvey's first and second assignments of error.  Accordingly, we affirm in part and reverse in part the judgment of the Franklin County Court of Common Pleas granting summary judgment in favor of GuideOne.  The matter is remanded to that court to enter partial summary judgment in favor of Mulvey on his claim for breach of written contract of employment, and for further proceedings including the computation of damages.

*Judgment affirmed in part;*
*reversed in part, and cause remanded.*

LUPER SCHUSTER, J., concurs.
HORTON, J., dissents.

HORTON, J., dissenting.

{¶ 26} I respectfully dissent.  I simply disagree with the majority's analysis and believe the trial court was spot on in its analysis and conclusions. This is a relatively simple case. If Mulvey was interested in receiving severance from GuideOne, pursuant to the posting, he was required to qualify as an employee (which he did), sign a release (which he did not), and continue working (which he did). Mulvey received compensation for the work he performed. Any additional compensation via severance required additional consideration, i.e., signing a release. He failed to sign a release and therefore

should be precluded from receiving the benefits of severance as he provided no additional consideration. Thus, as a matter of law, I would affirm the trial court on both assignments of error.

_____